70611. STEPHENS v. THE STATE.
(335 SE2d 473)

POPE, Judge.

After a bench trial, Robert Lewis Stephens was convicted of terroristic threats and acts for which he was sentenced to serve five years, and he also was convicted of criminal trespass, for which he received a one-year, suspended sentence. The evidence adduced at trial authorized the court to find the following. On February 9, 1983 Stephens telephoned a reporter with the *Atlanta Journal and Constitution*, identified himself, and told the reporter that he intended to kill Judge Carnes of the State Court of Fulton County on February 14th. Stephens told the reporter he was going to kill the judge because of a dispute he and his son had with the judge, and that the judge had found Stephens in contempt. Marshal Mark Smith testified that on February 14, 1983, Stephens came to Judge Carnes' courtroom carrying a cane. He was told he could not enter and disturb the court. When Stephens ignored this order and tried to enter the court, he was arrested. Marshal Luke Davis testified that at that time and also before that, he had instructed Stephens that he would not be permitted to come onto State Court premises except on official business. On September 1, 1983 Stephens stood in the marble entrance to the State Court and yelled at the top of his lungs. Judge Carnes and Marshal Davis observed Stephens from a second floor window. When he saw Judge Carnes, Stephens yelled, "Carnes, I'm going to come up and drag you out of that closet and I'm going to beat the truth out of you." At that point Stephens was arrested.

1. Stephens' first enumeration of error is that the trial court erred in its determination that he waived his right to a jury trial. The record shows that voir dire was begun with Stephens acting as his own attorney, assisted by counsel who now represents him on appeal. Stephens questioned many jurors regarding the nature of an oath. Essentially, Stephens took the position that since he refused to take any

oath, he could not be judged by anyone who had taken an oath. In effect, Stephens declared himself beyond the bounds of the law, and answerable only to God. When the trial court restricted his questioning of prospective jurors in regard to his beliefs about oaths, Stephens abruptly declared that he did not want a jury. The trial court ordered that counsel assisting Stephens complete voir dire and select a jury. This was done. The court then allowed a lunch recess so that counsel could have an opportunity to persuade Stephens not to waive his right to trial by jury. However, Stephens was adamant and insisted that he did not want a jury. Rather, he would be judged by the throne of God, the judgment seat, which was occupied by the trial judge. The trial judge declined to act in this capacity, pointing out to Stephens that he could and would act only as a judge of the Superior Court of Fulton County. The judge declared that he took Stephens to mean that he wanted a bench trial.

The defendant must personally and intelligently participate in the waiver of the right to trial by jury. *Sims v. State*, 167 Ga. App. 479 (1) (306 SE2d 732) (1983). Counsel on appeal does not argue that Stephens did not personally waive his right to jury trial; instead, he questions whether by the record we can say that Stephens *intelligently* waived it. After careful examination of the record before us, we conclude that he did make an intelligent waiver. Whatever Stephens' belief about a bench trial may have been, it is clear from the record that he knew what he was giving up when he chose not to have a jury. Counsel on appeal, who assisted Stephens at trial, did his utmost to convince Stephens that a jury waiver was not wise or prudent. It is clear from the record that counsel did all he could in a difficult situation to see that Stephens' rights were protected. Nonetheless, the record shows that Stephens chose to waive a jury trial freely and knowingly. No matter how eccentric or peculiar others might consider his reasons for so doing, they evince a conscious choice by Stephens. We find no error regarding the waiver of the right to trial by jury.

2. There is no merit to the contention that the trial court did not find Stephens guilty beyond a reasonable doubt of the offenses charged.

3. We find that the evidence was sufficient to enable a rational trier of fact to find Stephens guilty beyond a reasonable doubt of each of the crimes charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Benham, J., concur. Beasley, J., disqualified.*

DECIDED SEPTEMBER 24, 1985.

*Derek H. Jones*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Andrew Weathers, Assistant District Attorneys*, for appellee.