A95A0668. PAYNE v. THE STATE.
(460 SE2d 297)

JOHNSON, Judge.

Landon Lodell Payne files this appeal asserting that he was denied his right to trial by jury. At arraignment Payne pleaded not guilty to charges of driving under the influence of alcohol, no proof of

---

insurance, no driver's license, improper turn, no tag, giving a false name to a police officer and violation of the Clayton County open container ordinance. He requested that counsel be appointed to represent him. The trial court, noting that there was no likelihood of incarceration, declined to appoint counsel, informing Payne that he could retain his own attorney or represent himself. Payne appeared pro se at the subsequent bench trial and was convicted on all charges, although the no proof of insurance conviction was later set aside. He was sentenced to probation and fined. The court agreed to appoint counsel to pursue an appeal and a motion for new trial was filed, asserting, inter alia, that Payne had not expressly and intelligently waived his right to trial by jury. The trial court conducted a hearing and denied the motion for new trial noting in its order that Payne had not been denied his right to counsel, and noting generally: "The defendant had been advised at arraignment of the maximum penalties for each offense and his constitutional and statutory rights."

"A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made." (Citations and punctuation omitted.) *Lawal v. State*, 201 Ga. App. 797, 798 (2) (412 SE2d 864) (1991).[1] Clearly the state bears the burden of establishing that such a waiver was knowingly and intelligently made. The state claims that the form Payne signed entering his not guilty plea at his arraignment satisfies its burden. The form reads: "Comes now defendant in the within matter and acknowledges receipt of copy of accusation and list of witnesses, waives benefit of counsel, formal arraignment, trial by jury and pleads (Not) guilty." This form, standing alone fails to establish that Payne knowingly or intelligently waived rights guaranteed him by the United States and Georgia Constitutions.

Alternatively, the state suggests that because the issue was raised in the motion for new trial and because there is no transcript of the hearing on the motion for new trial we must presume the trial court acted in accordance with the law. This is a correct statement of the law, but cannot be applied here. The trial court's order, as noted

---

[1] On remand, no transcript of the evidentiary hearing was prepared. This court found in the absence of a transcript we must presume the evidence authorized the trial court's finding that Lawal " 'elected to have a non-jury trial.' " *Lawal v. State*, 205 Ga. App. 842 (1) (424 SE2d 36) (1992).

above, does not address the issue of the right to a trial by jury specifically, much less whether there was a knowing or intelligent waiver of that right. Therefore, Payne's convictions must be vacated and the case remanded to the trial court for an evidentiary hearing on the question of whether he made a knowing and intelligent waiver of his right to trial by jury.

As in *Lawal,* supra, if the trial court determines from the evidence that Payne made such a waiver, the convictions and sentences may be reinstituted and Payne is free at that point to pursue whatever appellate remedies are available to him.

*Judgment vacated and case remanded with direction. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 4, 1995.

*Sharon D. Bundrage,* for appellant.
*Keith C. Martin, Solicitor, Michael P. Baird, Assistant Solicitor,* for appellee.

