A95A2775. ROMANO v. THE STATE.
(469 SE2d 726)

BEASLEY, Chief Judge.

At arraignment in the City Court of Atlanta on March 24, 1995, Romano entered a plea of guilty to a charge of driving under the influence. OCGA § 40-6-391. The court imposed a $700 fine and 12-month suspended period of confinement.

On April 24, 1995, Romano filed motions for new trial and for modification of his sentence on grounds that he had been denied his right to counsel and did not knowingly, intelligently, and voluntarily enter his guilty plea.

Prior to entering his guilty plea, Romano signed a pre-printed affidavit which stated that he was not under the influence of alcohol or drugs and was not suffering from any mental or physical disability; that he had been advised of, among other things, his right to be represented by a private attorney or by a public defender if he was eligible and his right to trial by jury and assistance of counsel; and that he was pleading guilty freely and voluntarily, devoid of promise or threat by anyone and without knowledge of what sentence would be imposed. At the bottom of this affidavit, the judge signed a statement that he had satisfied himself that the defendant's plea was free and voluntary, that he was in possession of his faculties, and that he was able to understand the nature and consequences of his plea.

Thereafter, Romano executed another affidavit in which he testified that when he appeared at arraignment, he thought he was enti-

tled to appointed counsel; that when he was informed he was not so entitled, he asked for additional time to hire an attorney; that the judge refused and told him his only options were to plead guilty or not guilty; that he pled guilty under protest because he felt that he had no other choice; and that he simply signed the paperwork that was presented to him. Although the affidavit was styled an "Application as to Stipulated Transcript" and was purported to be "pursuant to OCGA § 5-6-42 (g) and (i)," neither of those procedures was completed and the affidavit does not substitute for a transcript. There is no transcript of Romano's arraignment, as it was not reported.

The court, presided over by the same judge who presided at arraignment, denied Romano's motions. It did so upon finding that he was properly advised of his rights, that he made no attempt to withdraw his plea before sentence was pronounced, and that his plea was freely and voluntarily entered.

1. Romano contends that the court erred in not holding a hearing on his motion for new trial.

" '[A] defendant who files a guilty plea cannot move for a new trial since there has been no verdict. [Cit.]' [Cit.] [Romano's] motion for new trial was inappropriate and the trial court correctly denied it." *Bowens v. State*, 194 Ga. App. 391 (1) (390 SE2d 634) (1990). A motion to withdraw the guilty plea was the appropriate motion to file. See *Crosby v. State*, 148 Ga. App. 215 (251 SE2d 81) (1978). A hearing on such a motion is not required.

2. Romano enumerates as error the court's refusal to appoint counsel to represent him.

"Although the right to counsel extends to misdemeanor prosecutions where imprisonment may result (*Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972)), our Supreme Court has interpreted *Argersinger* as requiring that a defendant in a misdemeanor criminal prosecution be entitled to counsel only where the defendant is sentenced to actual imprisonment. [Cits.]" *Capelli v. State*, 203 Ga. App. 79 (1) (416 SE2d 136) (1992), citing *Johnston v. State*, 236 Ga. 370 (3) (223 SE2d 808) (1976). Since Romano was not sentenced to actual imprisonment, the court did not err in refusing to appoint counsel to represent him.

3. Romano contends that the court erred in accepting a waiver of trial by jury and guilty plea from him without an affirmative showing on the record that same was intelligent and voluntary.

"Once a defendant raises the issue of intelligent and voluntary waiver with respect to his prior guilty plea, it is the burden of the State to establish a valid waiver. [Cit.]

" 'Before accepting a plea of guilty, a trial court must determine that the plea is voluntarily made and that the defendant " 'intelligently and understandingly' " waives his constitutional rights, which

requires a showing on the record that the defendant has freely and voluntarily entered the plea with an understanding of the nature of the charges against him and the consequences of his plea. (Cit.) When a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered " 'by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill(ing) a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.' (Cit.)" (Cit.)' [Cit.]" *Bowens,* supra at 391 (2).

The court was authorized to reject the testimony given by Romano in his post-plea affidavit and accept the testimony given by him in his pre-plea affidavit. The latter constituted an adequate record showing. Moreover, the post-plea affidavit even concedes that the court twice left to defendant the choice between pleading guilty and not guilty, and he acknowledged that he knew he was entitled to a court-appointed attorney only "if" there was a possibility of incarceration.

*Payne v. State,* 217 Ga. App. 386 (460 SE2d 297) (1995), relied upon by Romano, is distinguishable. Payne entered a plea of not guilty by signing a form which stated that he waived his right to a jury trial. The form was also used for guilty pleas, and it was unclear whether the waiver language was intended to apply to pleas of not guilty. Secondly, the form in *Payne* did not detail the specific rights being waived; this one did. We held that this form standing alone failed to establish that Payne had knowingly or intelligently waived his constitutional rights, and we remanded the case for an evidentiary hearing. The same defects are not present here.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 22, 1996.

*Furlong & Franco, Walter W. Furlong,* for appellant.
*Louise T. Hornsby, Solicitor,* for appellee.