## A96A0434. KEEGAN v. THE STATE.
### (472 SE2d 107)

BEASLEY, Chief Judge.

Atlanta police charged Deborah Keegan with hit and run, OCGA § 40-6-270. She appeared before the City Court of Atlanta, pled not guilty, and was convicted after a bench trial. She enumerates error on three grounds, two of which have merit.

1. Keegan enumerates as error the court's consideration of prior offenses in its determination of her guilt. No court reporter transcribed the bench trial and the parties have not created a transcript pursuant to OCGA § 5-6-41 (g). The allegations contained in Keegan's brief are no substitute. *Brown v. Thomas*, 191 Ga. App. 679, 680 (1) (382 SE2d 656) (1989). "Absent a transcript, this court can only presume that this portion of the trial was conducted in a regular and proper manner." (Citation and punctuation omitted.) *Reedman v. State*, 193 Ga. App. 688, 689 (2) (388 SE2d 763) (1989). The enumeration fails for this reason. *Doster v. State*, 218 Ga. App. 174, 175 (460 SE2d 818) (1995).

2. Keegan also alleges she did not knowingly, intelligently, and voluntarily waive her right to a jury trial. The record does not enlighten us. When a criminal defendant raises such a claim the State must show, either from the record or from appropriate extrinsic evidence, that the accused intelligently consented to the waiver. *Payne v. State*, 217 Ga. App. 386, 387 (460 SE2d 297) (1995); *Keith v. State*, 218 Ga. App. 729, 730-731 (2) (463 SE2d 51) (1995).

The only record evidence possibly concerning waiver is an ill-fitting form entitled "Affidavit of Defendant Prior to Entering Plea" which Keegan signed. The form contains assurance that the signer

has been advised of all the rights one is waiving by pleading guilty, including "My right to trial by jury." The form obviously is intended for recording guilty pleas, for it further states, "I understand that if I enter a plea in this case, there will be no further trial or hearing and a fine or sentence or both may be imposed." Nonetheless, on it Keegan pled "not guilty" and the trial judge signed the form indicating his acceptance of her "free and voluntary" plea.

Nowhere on that form does Keegan indicate she waives trial by jury in the context of choosing between a jury trial and a bench trial. Therefore, this case is comparable to *Payne*, supra. In *Romano v. State*, 220 Ga. App. 322 (469 SE2d 726) (1996), we addressed this same standard form in the context of its use for guilty pleas and distinguished *Payne*. The State has presented no evidence to meet its burden. Compare *Evans v. State*, 216 Ga. App. 21, 24-25 (3) (453 SE2d 100) (1995), in which the State produced an adequate affidavit. The State merely counters in four sentences, unsupported by citation of authority, in which it contends this claim is "not revealed by the record on appeal."

In the absence of a record, we vacate the conviction and sentence and remand this matter for an evidentiary hearing to determine if Keegan properly waived her right to trial by jury. If the trial court so determines, the conviction and sentence may be reinstituted and be subject to appeal on this issue alone, if desired; if the court determines otherwise, Keegan will be entitled to a new trial. *Payne*, supra at 388; *Lawal v. State*, 201 Ga. App. 797, 798 (2) (412 SE2d 864) (1991) (non-precedential on another point). Compare *Capelli v. State*, 203 Ga. App. 79, 80 (2) (416 SE2d 136) (1992), in which this Court reversed the denial of a new trial when it determined, from the record, that the State had an opportunity but failed to show a voluntary and intelligent waiver of the appellant's right to a jury trial.

3. Keegan's final enumeration of error addresses the trial court's summary denial of her timely-filed motion for new trial, which raised other grounds. When Keegan filed that motion in the clerk's office and served it upon opposing counsel, she included with it a blank "rule nisi" form which read: "The above and foregoing [motion for new trial] having been read and considered, the same is set down for a hearing in this case on the ____ day of _____, 1995 at _____ o'clock ___.m., then and there to be heard why the request of the petitioner's motion should not be granted." The form had a line for the clerk's signature. The trial court denied this motion without hearing five days after it was filed.

The submission of this form with the motion constituted a request for hearing, and nothing in the record indicates Keegan waived or withdrew her request. Compare *Peyton v. Peyton*, 236 Ga. 119, 120-121 (223 SE2d 96) (1976). Upon remand, the trial court

should conduct such a hearing in the event it finds Keegan waived her right to trial by jury. *Shockley v. State*, 230 Ga. 869 (199 SE2d 791) (1973); *Gantt v. Sweatman*, 162 Ga. App. 738 (1) (293 SE2d 359) (1982).

*Judgment vacated and case remanded with direction. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 22, 1996.

*Furlong & Franco, Walter W. Furlong*, for appellant.

*Louise T. Hornsby, Solicitor, Clayton Sinclair, Jr., Assistant Solicitor*, for appellee.