## A96A0626. PIRKLE v. THE STATE.
### (472 SE2d 478)

BEASLEY, Chief Judge.

Pirkle was charged with four counts of pointing a gun at another (OCGA § 16-11-102). Proceeding pro se, he was tried and convicted in an unreported bench trial. He then retained counsel and moved for a new trial, alleging he had not made a knowing and intelligent waiver of his right to jury trial. Ga. Const. 1983, Art. I, Sec. I, Par. XI; OCGA § 9-11-38. He appeals the denial of that motion.

" 'Although a jury trial may constitutionally be waived, the defendant must personally and intelligently participate in the waiver. *Patton v. United States*, 281 U. S. 276 (50 SC 253, 74 LE2d 854) (1930). However, defendant's consent need not be in a particular, ritualistic form . . . Since form is unimportant, the only real issue is whether (appellant) intelligently agreed to a trial without jury. . . .' [Cits.]" *Johnson v. State*, 157 Ga. App. 155 (1) (276 SE2d 667) (1981). When an accused questions the purported waiver of his right to a jury trial, the State must show on the record that the defendant "personally, knowingly, voluntarily, and intelligently waived his right to a jury trial. [Cit.]" *Jones v. State*, 212 Ga. App. 676, 679 (2) (442 SE2d 908) (1994); see *Sims v. State*, 167 Ga. App. 479 (1) (306 SE2d 732) (1983). The State may prove this "by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill(ing) a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Citations and punctuation omitted.) *Bowens v. State*, 194 Ga. App. 391, 392 (2) (390 SE2d 634) (1990).

Pirkle signed a form entitled "Waiver of Formal Arraignment/ Acknowledgement of Court Date, Accusation(s) for *Pointing a Gun at Another X 4 cnts*." It included the printed statement: "The Defendant waives Formal Arraignment, list of witnesses and Jury Trial and pleads Not Guilty." In *Payne v. State*, 217 Ga. App. 386 (460 SE2d 297) (1995), the accused had signed a form which read, " 'Comes now defendant in the within matter and acknowledges receipt of copy of accusation and list of witnesses, waives benefit of counsel, formal arraignment, trial by jury and pleads (Not) guilty.' " Id. at 387. We held that "This form, standing alone fails to establish that Payne knowingly or intelligently waived rights guaranteed him by the U. S. and Georgia Constitutions." Id.

The form used in this case is not materially distinguishable. The

distinctions do not rescue Pirkle's form from a judgment of deficiency. Neither the capitalization of the words nor the clerk's administrative notation of "n-jury" beside the trial date assure that defendant's waiver of his constitutional right was intelligent, although the inclusion of the words in the arraignment form are some indication that Pirkle was superficially aware he was waiving a trial by jury. This is not conclusive of that fact, as it does not state that he understood the consequence, i.e., that he was surrendering a significant constitutional right and opting for a trial by the judge himself. Nor does it establish that he was making "a conscious choice," in the words of *Jones*, supra, to waive trial by jury. The inadequacy of the wording is increased by its comparison with the primary focus of the form, the right to counsel, which is quite fully explained. The form, like that in *Payne* and *Keegan v. State*, 221 Ga. App. 487 (472 SE2d 107) (1996), constitutes insufficient evidence.

The motion for new trial should have been granted, as in *Capelli v. State*, 203 Ga. App. 79 (2) (416 SE2d 136) (1992). Although there was not even a written form in that case, as there is here, that variant does not avoid the conclusion because, according to *Payne*, the form does not meet the State's burden of showing " 'the waiver was made both intelligently and knowingly.' " *Capelli*, supra at 79.

The remedy in this case, as in *Capelli*, is not to remand for inquiry, as was done in *Payne* and in *Lawal v. State*, 201 Ga. App. 797 (412 SE2d 864) (1991). In those two appeals the State was given an opportunity to fill a silent record. In Pirkle's case, the State has already had that chance, at the hearing on the motion, and failed to supply the evidence which was lacking because the form merely contained a bare statement. Compare *Evans v. State*, 216 Ga. App. 21, 24 (3) (453 SE2d 100) (1995) (affidavit of attorney showing deliberate, intelligent waiver); *Sims*, supra at 480 (1) (affidavit of attorney showing deliberate, intelligent waiver). See also *Stephens v. State*, 176 Ga. App. 187 (1) (335 SE2d 473) (1985).

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 5, 1996.

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Daniel T. Stringer, Solicitor, Leslie C. Abernathy, Assistant Solicitor*, for appellee.