## A97A0276. THOMAS v. THE STATE.
(484 SE2d 797)

SMITH, Judge.

Charles Thomas was indicted on charges of rape, kidnapping, and robbery. A jury found him guilty of rape and kidnapping and not guilty of robbery. Thomas appeals from the judgment of conviction and sentence entered thereon.

Construed to support the verdict, the evidence presented at trial showed that a condom was used during the rape. The victim identified Thomas as her attacker both from a photographic lineup before trial and at trial.

A condom package was found in the victim's car, and Thomas's former girl friend testified at trial it was a brand he used. In a search of Thomas's home, police officers found clothing matching the description given by the victim of those worn by the rapist. Officers also seized Thomas's wallet. Although when found the wallet did not contain a condom, the officer who seized the wallet testified at trial that the wallet held a circular impression that in his opinion had been made by carrying a condom. In cross-examining the officer, defense counsel attempted to show that this impression could have been made by other circular objects. He asked whether the officer or his children had been Boy Scouts, earned scout merit badges, or carried merit badges in a wallet. The officer conceded that the impression could have been made by something other than a condom. Thomas did not testify in his own behalf.

Thomas's two enumerations of error address a comment made by the prosecution during summation. In attempting to address the issue raised by the defense's cross-examination of the officer regarding the impression found on the wallet, the State argued that "[t]hey say [the impression on the wallet] could be a merit badge. We don't know whether Mr. Thomas was a Boy Scout or not, or had merit badges or not." The defense objected, stating that "the State is trying to shift the burden onto the defendant." Thomas contends the trial court erred in overruling this objection because the prosecutor's argument amounted to comment on his failure to testify and improperly placed his character in issue. We do not agree.

First, the objection made by Thomas was only that the prosecutor's argument was burden-shifting. It did not serve to preserve for review either issue enumerated on appeal. "An objection on a specific ground (or grounds) at trial waives any objection to that evidence on other grounds on appeal. Accordingly, all other grounds for objection, other than the specific . . . grounds posed at trial, are not preserved for appeal." (Citation and punctuation omitted.) *Scott v. State*, 206 Ga. App. 23, 25 (1) (a) (424 SE2d 328) (1992). "[T]o preserve an objection upon a specific ground for appeal, the objection must be made at

trial upon that specific ground. [Cit.]" *Smith v. State*, 222 Ga. App. 366, 368 (3) (a) (474 SE2d 272) (1996).

Even had these issues been preserved, Thomas's contentions are not meritorious. Thomas argues that the prosecutor's remark constituted improper comment because it went to testimony that only Thomas could give about what he carried in his wallet. According to Thomas, the jury would therefore "naturally and necessarily" have taken it as commenting on Thomas's failure to take the stand. See *Ranger v. State*, 249 Ga. 315, 319 (290 SE2d 63) (1982).

We do not find the comment improper as referring to Thomas's failure to testify. The defense raised the inference, in cross-examining the officer about the wallet, that a Boy Scout merit badge, among other objects, could have made the circular impression. By pointing out that no witness ever testified that Thomas had ever been a scout or had merit badges, the State was simply attempting to refute this inference. "The State could properly rebut the factual issues raised by defendant." *Gaston v. State*, 209 Ga. App. 477, 478 (2) (433 SE2d 306) (1993). Contrary to Thomas's argument, he himself was not the only person who could have testified whether he had been a scout. The defense called other witnesses who were family members and might have had such knowledge. The State was permitted to argue to the jury the inferences to be drawn from the defendant's failure to produce witnesses who would give such evidence favorable to him. *Edwards v. State*, 219 Ga. App. 239, 242 (2) (b) (464 SE2d 851) (1995); see *Couch v. State*, 253 Ga. 764, 765 (3) (325 SE2d 366) (1985).

Nor do we find that the comment bore upon Thomas's character; to do so would take "an inferential leap." *Alexander v. State*, 263 Ga. 474, 476 (2) (c) (435 SE2d 187) (1993). The State did not imply that Thomas was not of good character because he was not a Boy Scout. In fact, in cross-examining the officer regarding the billfold, the defense elicited the information that the officer had not been a scout, either. The remark was made purely and simply to point out to the jury that no evidence supported a theory advanced specifically by the defense to explain incriminating evidence. Counsel are permitted wide latitude in closing argument. Id. at 477. This comment was permissible, and we find no error.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 28, 1997.

*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson, Harold M. Harvey*, for appellant.

*Ralph L. Van Pelt, Jr., District Attorney, Christopher A. Arnt, Michael J. Moeller, Assistant District Attorneys*, for appellee.