A00A0514. WHITAKER v. THE STATE.
(535 SE2d 283)

PHIPPS, Judge.
Damian Whitaker was convicted at a bench trial of one count of public indecency. He appeals, claiming that (1) the evidence was insufficient to support the verdict, (2) the trial court improperly shifted the burden to him to prove his innocence, (3) his trial counsel was ineffective, and (4) he did not knowingly and intelligently waive his right to a jury trial. Because there is insufficient evidence in the record to show that Whitaker knowingly and intelligently waived his right to a jury trial, we vacate the conviction and remand for the trial court to conduct a hearing on this issue. We find no merit in Whita-

---

ker's remaining claims of error.

1. Whitaker challenges the sufficiency of the evidence to support a finding of guilt beyond a reasonable doubt. On appeal, we do not weigh evidence or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged.[1] Instead, the evidence must be viewed in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

On November 23, 1997, Valerie Brown, a Metropolitan Atlanta Rapid Transit Authority train operator, saw Whitaker getting off the train at each station and moving up one car. She considered this to be unusual behavior. When Whitaker reached Brown's car, she turned around to face him, thinking that he was trying to tell her that there was a problem on one of the other cars. Instead, Whitaker made a motion with his hands down by his hips which drew Brown's attention down from his face. Brown then noticed that Whitaker's penis was out of his pants. She promptly turned around and called the police.

Based on Brown's description, MARTA Police Officer Michelle Finch located Whitaker on the train and took him into custody. Finch testified that Whitaker was a white male with "extreme facial hair" and a lot of hair around his head in the back. She testified that no other white males on the train fit that description. Both Brown and Finch identified Whitaker at trial.

Whitaker contends that the evidence against him was circumstantial. We disagree. Brown's testimony is direct evidence of Whitaker's guilt.

We agree with Whitaker's assertion that there are some inconsistencies in the trial testimony. Finch's testimony contradicts Brown's as to the number of white males on the train at the time of Whitaker's arrest. Finch testified that the train was crowded. Brown testified the crowd was very light. When reviewing the sufficiency of the evidence, however, it is not our role to resolve conflicts in trial testimony.[3]

Viewed in the light most favorable to the verdict, we find that the evidence was sufficient to support the conviction beyond a reasonable doubt.

2. Whitaker contends that the trial court erroneously shifted the burden to him to prove his innocence when it failed to sustain an objection to a question the State asked him on cross-examination. Counsel for the State asked Whitaker if he had any idea why Brown

---

[1] *Dismuke v. State*, 261 Ga. 254 (1) (403 SE2d 812) (1991).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Dismuke*, supra.

would fabricate a story like this about him. His counsel objected to the question as speculative. The trial court overruled the objection.

Whitaker raises this burden of proof claim for the first time on appeal. That basis for objection was not asserted at trial and, therefore, has not been preserved for appellate review.[4]

3. Whitaker claims that his trial counsel was ineffective before and during the trial. This claim was not included in Whitaker's motion for new trial on general grounds, and the motion was never amended. Whitaker does not rebut the State's contention that the issue was not raised at the hearing on the motion for new trial, which was not transcribed.

Whitaker was obligated to raise all allegations of ineffectiveness of counsel at the earliest practicable moment.[5] His appellate counsel began representing him prior to the filing of the motion for new trial and could have raised this claim in the motion for new trial or in an amendment thereto. By failing to include the claim in his motion for new trial or to point to any evidence in the record showing that he raised it at the hearing on that motion, Whitaker has waived his ineffective assistance of counsel claim.[6]

4. For the first time on appeal, having failed to raise the issue in his motion for new trial, Whitaker claims that he did not knowingly and intelligently waive his right to a jury trial. Generally, claims of error not objected to in the trial court may not be raised for the first time on appeal, except for certain constitutional issues, among which is whether the defendant waived his constitutional right to a jury trial.[7]

A criminal defendant must personally and intelligently participate in the waiver of his right to a jury trial.[8] If a defendant questions the purported waiver of that right, the State:

bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived [and the possible consequences]; or (2) by filling a silent or incomplete record [with] extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made. [Cit.][9]

---

[4] *Thomas v. State*, 225 Ga. App. 790 (484 SE2d 797) (1997).

[5] *Bagwell v. State*, 270 Ga. 175, 179 (1) (f) (508 SE2d 385) (1998).

[6] Id.; *Baldwin v. State*, 217 Ga. App. 866, 867 (1) (460 SE2d 80) (1995).

[7] *Wooten v. State*, 162 Ga. App. 719-720 (293 SE2d 11) (1982).

[8] *Pirkle v. State*, 221 Ga. App. 657 (472 SE2d 478) (1996), citing *Patton v. United States*, 281 U. S. 276 (50 SC 253, 74 LE 854) (1930).

[9] (Punctuation omitted.) *Jones v. State*, 212 Ga. App. 676, 679 (2) (442 SE2d 908) (1994); *Pirkle*, supra.

We find that the record is incomplete regarding Whitaker's purported waiver of his right to a jury trial. At trial, counsel for the State stated, "Your Honor, the forms have been executed indicating the defendant pleads not guilty and waives his right to a jury trial." There was no response by the trial judge, Whitaker, or his counsel. The only other evidence of a waiver is what appears to be Whitaker's signature on a form entitled "Plea and Verdict," which includes a handwritten notation that I "waive my right to a jury trial." The record does not reflect who made the handwritten note.

Although a waiver in open court is not expressly required, and no particular form of waiver is required,[10] before accepting a waiver, it would be preferable for the trial judge to question the defendant on the record to ensure that the defendant personally has made a voluntary, knowing, and intelligent waiver of his or her right to a jury trial. A few questions directed to the defendant by the trial judge would protect the right and help to avoid subsequent claims that the right was not personally, voluntarily, knowingly, and intelligently waived.

Because Whitaker failed to raise this issue in the trial court, the State has not had an opportunity to fill the incomplete record with extrinsic evidence sufficient to meet its burden. The record contains some evidence of a waiver but does not show whether Whitaker personally, voluntarily, knowingly, and intelligently participated in it. We therefore vacate Whitaker's conviction and remand the case for an evidentiary hearing on this issue.[11] If, after the hearing, the trial court determines that Whitaker did make a valid waiver, the conviction and sentence may be reinstated, and Whitaker will have the opportunity to file a new appeal directed to this issue alone.[12]

*Judgment vacated and case remanded with direction. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 30, 2000.

*Roreita J. Walker*, for appellant.
*Carmen Smith, Solicitor, Jody L. Peskin, Assistant Solicitor*, for appellee.

---

[10] *Wooten*, supra at 720; *Pirkle*, supra.
[11] See *Payne v. State*, 217 Ga. App. 386, 388 (460 SE2d 297) (1995); *Wooten*, supra at 721.
[12] *Lawal v. State*, 201 Ga. App. 797, 798 (2) (412 SE2d 864) (1991).