A01A0493. EASON v. THE STATE.
(549 SE2d 532)

POPE, Presiding Judge.

Greg Eason was charged with speeding, tried by the Glynn County State Court and convicted. He received a 12-month suspended sentence and a fine. Here he appeals, pro se. For the following reasons, we vacate and remand the case with direction.

1. In four enumerations of error, Eason argues that the trial court erred in its handling of the bench trial. Specifically, Eason claims that he was not allowed to submit evidence; that he was not allowed to recall a witness; that his evidence of a scientific nature was not allowed; and that the courtroom atmosphere and the court and a witness' demeanor were inappropriate. In a fifth argument, Eason also claims that the evidence presented was insufficient to convict him.

The bench trial was not recorded, and thus we cannot consider these arguments. "Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41." (Citations and punctuation omitted.) *Pope v. State*, 228 Ga. App. 897, 900 (4) (494 SE2d 345) (1997). In this case, the materials Eason filed do not include either a transcript or the substitute for a transcript provided for by statute. And, "[Eason's] attempts to prepare and file a unilateral account of the proceedings below do not conform to the requirements of this Code section." *Dunn v. State,*

234 Ga. App. 623, 624 (1) (507 SE2d 170) (1998).

> In the absence of a transcript, we cannot consider enumerations of error concerning the evidence or proceedings at trial. In the absence of a transcript, or a record prepared from recollection or a stipulation of the case pursuant to OCGA § 5-6-41 (g, i), we cannot consider enumerations of error based on the evidence. Since defendant's enumerations can be reviewed only by reference to a transcript, the absence of a transcript requires that we assume that the trial court's rulings on the admission of evidence were correct.

(Citations and punctuation omitted.) *Hageman v. State*, 205 Ga. App. 644 (423 SE2d 56) (1992). And in the absence of a transcript, we must assume as a matter of law that the evidence adduced at the hearing supported the trial court's findings.

2. Eason also argues that he was misled into having a bench trial. He claims that the judge told him "that for the novice person defending himself you should pick a bench trial."

In *Smith v. State*, 230 Ga. App. 151, 152-153 (3) (495 SE2d 624) (1998), the defendant appealed his conviction for laying drags, arguing that he did not knowingly waive his right to a jury trial. This court stated:

> When an appellant questions the purported waiver of his right to a jury trial, it is up to the State to show that the waiver was intelligently made with the accused's consent. The Supreme Court enunciated two post-trial methods by which the State could successfully carry its burden of proof: (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by [filling] a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.[1]

(Citations and punctuation omitted.) Id.

Similarly in *Pirkle v. State*, 221 Ga. App. 657 (472 SE2d 478) (1996), this court stated:

> Although a jury trial may constitutionally be waived, the defendant must personally and intelligently participate in

---

[1] The rules regarding defendant's waiver of a jury trial in this state court case are distinguishable from the requirements in probate court and other courts. See, e.g., *Nicholson v. State*, 261 Ga. 197, 200 (6) (403 SE2d 42) (1991); *Kolker v. State*, 200 Ga. App. 72 (406 SE2d 514) (1991).

the waiver. However, defendant's consent need not be in a particular, ritualistic form. Since form is unimportant, the only real issue is whether appellant intelligently agreed to a trial without jury. When an accused questions the purported waiver of his right to a jury trial, the State must show on the record that the defendant personally, knowingly, voluntarily, and intelligently waived his right to a jury trial.

(Citations and punctuation omitted.) Id. at 657. In *Pirkle*, this court determined that the form which the defendant had signed did not show that the defendant's waiver of his constitutional right was intelligently given. The court found that "[n]either the capitalization of the words nor the clerk's administrative notation of 'n-jury' beside the trial date" indicated that the defendant understood the consequence of his choice. Id. at 658.

Here, the only document regarding Eason's purported waiver of the jury trial is the back of the Uniform Traffic Citation. Eason signed this document under the boldface words "NOT GUILTY TRIAL BY JUDGE," which were typed onto the form. Although there is a portion on the form entitled "Waives Trial by Jury," there is no signature on that portion of the document. The record does not contain any other documents regarding the waiver, and the state has failed to provide any extrinsic evidence which affirmatively shows that his waiver was knowingly and voluntarily made. See *Keegan v. State*, 221 Ga. App. 487 (2) (472 SE2d 107) (1996).

The record contains some evidence of a waiver but does not show whether [Eason] personally, voluntarily, knowingly, and intelligently participated in it. We therefore vacate [Eason's] conviction and remand the case for an evidentiary hearing on this issue. If, after the hearing, the trial court determines that [Eason] did make a valid waiver, the conviction and sentence may be reinstated, and [Eason] will have the opportunity to file a new appeal directed to this issue alone.

(Footnotes omitted.) *Whitaker v. State*, 244 Ga. App. 241, 244 (4) (535 SE2d 283) (2000).

*Judgment vacated and case remanded with direction. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MAY 29, 2001.

Greg L. Eason, *pro se.*
*Richard H. Taylor, Solicitor-General,* for appellee.