## A01A1403. BANHI v. THE STATE.
(555 SE2d 513)

BARNES, Judge.

Roger Banhi, pro se, appeals from the trial court's denial of his pro se motion to withdraw his guilty plea, asserting numerous errors. Because the trial court failed to hold a hearing on the motion to withdraw, we must vacate the trial court's order and remand this case.

The record shows that on January 21, 1998, Banhi entered a negotiated plea of guilty to first degree forgery (Count 1) and giving a false name to a police officer (Count 4). In return for his guilty pleas, the State dismissed two other charges against him: first degree forgery (Count 2) and second degree forgery (Count 3). The trial court accepted the State's recommended sentence of five years probation on Count 1 and twelve months probation on Count 4, running concurrent to the sentence on Count 1. Banhi was represented by counsel during the guilty plea hearing.

Nine days after entering his guilty pleas, Banhi filed, pro se, a motion asking the trial court to "vacate and set aside the plea agreement." He also asked for a "rehearing" on Counts 1 and 4. After almost three years passed with no ruling from the trial court on his motion, Banhi filed a "Reminder for Motion" asking the court to rule on the motion and reminded the court that his motion raised, among other issues, ineffectiveness of counsel and the voluntariness of his plea. Two days later, the trial court issued a one-line order denying appellant's "motions" without holding a hearing. The record is also devoid of any evidence that the trial court advised appellant of his right to legal representation during the plea withdrawal proceedings. See *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000).

Appellant filed a timely notice of appeal from the trial court's order denying his motion to withdraw. On appeal, a ruling on a motion to withdraw a guilty plea will not be disturbed absent manifest abuse of the trial court's discretion. *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986). Because the trial court ruled on the motion to withdraw without holding a hearing, "we are unable to make a determination as to whether the trial court properly exercised its discretion or abused the same." *Weathers v. State*, 149 Ga. App. 617, 619 (255 SE2d 90) (1979), overruled on other grounds, *State v. Germany*, 245 Ga. 326 (265 SE2d 13) (1980). As a result, we must remand this case to the trial court to hold the necessary hearing and exercise its discretion based upon the evidence produced dur-

ing the hearing. *Weathers*, supra.[1] This holding renders appellant's remaining enumerations of error moot.

*Judgment vacated and case remanded with direction. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 17, 2001 —
RECONSIDERATION DISMISSED NOVEMBER 16, 2001.

Roger M. Banhi, *pro se.*
*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney,* for appellee.

---

[1] In *Isaac v. State*, 237 Ga. App. 723, 727-728, n. 3 (516 SE2d 575) (1999), we noted an apparent conflict in our law regarding the right to a hearing on a motion to withdraw a guilty plea, citing *Weathers*, supra, and *Romano v. State*, 220 Ga. App. 322 (469 SE2d 726) (1996). A close examination of our opinion in *Romano* reveals, however, that no such conflict actually exists. In *Romano*, we made the following statement:

[Defendant] contends that the [trial] court erred in not holding a hearing on his motion for new trial. A defendant who files a guilty plea cannot move for a new trial since there has been no verdict. Romano's motion for [a] new trial was inappropriate and the trial court correctly denied it. A motion to withdraw the guilty plea was the appropriate motion to file. A hearing on such a motion is not required.

(Citations and punctuation omitted.) Id. at 323 (1). Because our opinion in that case addressed a motion for new trial, our statement that a hearing is not required on "such a motion" is nonbinding dicta to the extent it refers to a motion to withdraw a guilty plea instead of a motion for new trial.