## A02A0447. WHITAKER v. THE STATE.
### (568 SE2d 594)

SMITH, Presiding Judge.

In *Whitaker v. State*, 244 Ga. App. 241 (535 SE2d 283) (2000) (*Whitaker I*), we vacated the judgment of conviction in this case and remanded for an evidentiary hearing to determine whether Whitaker knowingly and intelligently waived his right to a jury trial. Id. at 243-244 (4). After a hearing, the trial court found that Whitaker "did knowingly, voluntarily, and intelligently waive his right to a jury trial," and reinstated his conviction and sentence. Whitaker appeals this determination, and we affirm.

As we noted in *Whitaker I*, the record below "contains some evidence of a waiver but does not show whether Whitaker personally, voluntarily, knowingly, and intelligently participated in it." Id. at 244 (4). As the bench trial began, the prosecutor stated, "Your Honor, the forms have been executed indicating that the defendant pleads not guilty and waives his right to a jury trial." The form is entitled "Plea and Verdict," was signed by Whitaker, his counsel, and the prosecutor, and includes the handwritten notation "[I] waive my right to a jury trial." In addition, after denial of his motion for new trial and filing his notice of appeal, Whitaker prepared and signed an affidavit in preparation for the appeal in *Whitaker I*, detailing his claims of ineffective assistance of counsel. At the hearing on remand, Whitaker was examined at length regarding this affidavit as well as the plea and verdict form.

In the affidavit, Whitaker swore that his counsel advised him "that should I proceed with a jury trial and be found guilty, my sentence would be extremely harsher, (that I would spend twelve months in jail), than that of proceeding with the bench trial." When pressed at the hearing, Whitaker acknowledged that he had signed the affidavit, and when asked if this statement in the affidavit was a lie, responded only that "it's open to multiple interpretations." With respect to the plea and verdict form, he contended that the words "waive my right to a jury trial" were "illegible." However, in another exchange, Whitaker conceded that he was given the form to sign with the waiver of jury trial, but contended that he was "freaked out," that his lawyer's tactics were coercive, and that he "had just fallen off a cliff and I was just swept along." Whitaker acknowledged that he did not complain to the judge and was willing to abide by the advice of

his attorney, although he contended that he was "betrayed by my attorney."

At this point, the trial court undertook to question Whitaker. When the trial court attempted to inquire whether Whitaker had read his affidavit before signing it, Whitaker was evasive in responding to the court's questions for a significant length of time. The trial court then questioned Whitaker regarding his counsel's representations of the consequences of a jury or a bench trial, and Whitaker was again evasive, not responding directly to the court's questions. He did testify, however, that he was advised by his attorney that a jury trial would result in a harsher sentence if he were found guilty than if he agreed to a bench trial. He also acknowledged that he knew when the trial started that it was not a jury trial but did not protest. Eventually, Whitaker's appellate counsel intervened and questioned Whitaker, but he continued to give nonresponsive answers until she interrupted him and directed him to answer. Ultimately, however, he testified that, based on his counsel's representation that a jury trial would result in a harsher sentence upon conviction, he agreed to proceed with a bench trial.

After argument of counsel, the trial court ruled from the bench, finding that Whitaker is a well-educated man[1] with above average common sense, that he understands the legal process, that "he knew the difference between a bench and a jury trial and that he knew what was happening, despite the feigning of confusion to very simple questions." The trial court found there was no evidence showing mental disability, alcohol intoxication, or drug abuse either at the hearing or on the day of trial. Finally, the trial court concluded that Whitaker was not coerced and that his waiver of his right to trial by jury was voluntary and knowing. This ruling was memorialized in a written order, and from that order, Whitaker appeals.

1. Whitaker first complains of the conduct of the hearing on his waiver of jury trial, contending that the trial court erred in requiring Whitaker to take the stand and in questioning him personally. Whitaker appears to argue that the State was required to meet its burden of proof without his testimony, and that requiring him to testify violated his privilege against self-incrimination.[2] But Whitaker waived these objections not only by acquiescence or failure to object but by actual consent to the procedure used at the hearing. As the hearing

---

[1] Whitaker acknowledged, reluctantly, that he received an appointment to the United States Naval Academy although he did not complete his degree there and that he holds a bachelor's degree in psychology and an MBA in international business.

[2] While the State argues that Whitaker has asserted four errors in a single enumeration in violation of OCGA § 5-6-40, that argument is foreclosed by the Supreme Court of Georgia's decision in *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999).

began, the parties and the court discussed the remand from this court and the method of implementing its specific directive to determine whether Whitaker's waiver of jury trial was voluntary and knowing. The trial court noted that "if Mr. Whitaker somehow evidences some concern that he didn't know what was going on or anything of that sort, I've got to judge that. I don't know if I don't talk to him," and then asked Whitaker's counsel if she preferred a different procedure. Counsel responded that "if that's the way to clear up this particular issue, then by all means we need to get him on the stand to proffer that." The trial court specified that it would not inquire into "something that would be otherwise incriminating" but would limit questions to the issue of waiver. The court asked Whitaker's counsel, "[S]o that the record is clear, do you have objection to the court asking Mr. Whitaker questions?" and counsel responded, "No, your honor." Whitaker's counsel not only consented on the record to the examination of her client, she assisted the trial court in formulating questions after Whitaker's repeated refusal to answer.

"Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived." (Citations and punctuation omitted.) *Clark v. State*, 206 Ga. App. 10, 12 (2) (424 SE2d 310) (1992). Moreover, "[i]t is a well-settled appellate rule that one cannot complain about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing. [Cit.]" *Maxwell v. State*, 233 Ga. App. 419, 423 (4) (b) (503 SE2d 668) (1998); see also *Cunningham v. State*, 244 Ga. App. 231, 234 (2) (535 SE2d 262) (2000). Whitaker's privilege against self-incrimination was not affected by inquiry into matters not relevant to his guilt or innocence. See, e.g., *Cummings v. State*, 242 Ga. App. 657-658 (1) (530 SE2d 782) (2000) (questioning not relevant to guilt not interrogation requiring *Miranda* warnings). The trial court stated at the outset that it would not make any inquiries concerning the underlying conviction, and it did not do so.

Whitaker's further contention that the trial court improperly commented on the evidence in violation of OCGA § 17-8-57 is also without merit because that Code section is applicable only to jury trials, not to a bench trial with the trial court acting as factfinder. *In the Interest of S. U.*, 232 Ga. App. 798, 801 (3) (503 SE2d 66) (1998). Whitaker's credibility, intelligence, and understanding were crucial to a determination of whether his waiver of jury trial was knowing, voluntary, and intelligent, and the trial court as finder of fact was not only permitted but obligated to reach a conclusion on such issues. Moreover, Whitaker will not be heard to complain of error he caused by his own conduct. *Maxwell*, supra; *Cunningham*, supra. The record shows that the trial court's questions and comments were largely, if not entirely, elicited by Whitaker's evasive and nonresponsive

answers, requiring not only the trial court but also his own counsel to intervene. Any admonition or finding by the trial court with respect to this conduct was caused by Whitaker himself.

2. Whitaker also challenges the trial court's finding that his waiver of jury trial was knowing, voluntary, and intelligent.

> A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing that the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.

(Citation, punctuation and footnote omitted.) *Gary v. State*, 241 Ga. App. 76, 77 (2) (526 SE2d 148) (1999). "The question of whether a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous." (Citations and punctuation omitted.) *Payne v. State*, 219 Ga. App. 439, 440 (465 SE2d 724) (1995). The State demonstrated by extrinsic evidence, including Whitaker's own affidavit detailing discussions with his trial counsel and his testimony at the hearing, that the waiver was knowing and voluntary, and the trial court's decision finding that Whitaker properly waived a jury trial is not clearly erroneous.

Whitaker complains of an affidavit from his trial counsel, filed after the hearing pursuant to the State's motion to supplement the record with no objection or response from Whitaker, in which trial counsel details her discussions with Whitaker regarding the decision to forgo a jury trial. But the trial court ruled from the bench on August 4, although its order was not entered until August 7, the same day the State's motion was filed. The trial court did not clearly err in finding that Whitaker waived a jury trial, and its decision was not based upon the late-filed affidavit. We do not consider the affidavit either, and Whitaker's complaint with respect to it is now moot.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED JULY 9, 2002.

*John W. Kraus*, for appellant.

*Carmen D. Smith, Solicitor-General, Jody L. Peskin, Assistant Solicitor-General,* for appellee.