## A05A0206. MENEFEE v. THE STATE.
(609 SE2d 714)

PHIPPS, Judge.

The question in this appeal is whether the trial court was authorized to dismiss James Menefee's motion for new trial without conducting a hearing on the motion, based on Menefee's failure to secure a transcript of his trial in a timely manner. We answer this question in the affirmative.

Menefee was charged with numerous traffic offenses. He filed a motion for recordation of all proceedings but elected not to participate in the cost of having the trial reported. After the jury returned a verdict finding Menefee guilty of all offenses, the court entered judgment sentencing him on one count of DUI and one count of reckless driving. The court imposed fines as well as two consecutive twelve-month sentences, all but the first ten days of which are to be served on probation.

Menefee moved for a new trial on the general grounds and because of ineffective assistance of trial counsel. The court scheduled a hearing on the motion, but shortly before the hearing Menefee moved for a continuance because of his inability to obtain a transcript of the trial without a court order. The court ordered the court reporter to release a copy of the transcript to Menefee upon his payment of the transcription fee and one-half of the takedown charge, thereby granting the continuance. About one and one-half months later, the state moved to dismiss Menefee's motion for new trial on the ground that he had effectively abandoned it by failing to ask the court reporter for the transcript or pay the costs ordered by the court. About ten days after the motion was filed, the court entered an order dismissing Menefee's motion for new trial on the ground that his inaction amounted to an abandonment of it. Menefee appeals.

In charging the trial court with error in dismissing his motion for new trial, Menefee relies on the line of cases holding that "under our Code the trial court is required to hold a hearing on a motion for new trial."[1] We have recognized, however, that a movant for new trial may

[1] *Dick v. State,* 248 Ga. 898, 899 (1) (287 SE2d 11) (1982); see *Keegan v. State,* 221 Ga. App. 487, 488 (3) (472 SE2d 107) (1996).

forfeit his right to a hearing through waiver or abandonment.[2] Menefee's motion for new trial was thus subject to dismissal on the ground of abandonment, if his delay in securing the trial transcript was unreasonable.[3] Although OCGA § 5-6-48 (c) requires an "opportunity for hearing" before a trial court orders an appeal dismissed for an unreasonable and inexcusable delay in filing the transcript, technically no such requirement pertains to motions for new trial.[4] Here, the state moved to dismiss Menefee's motion for new trial, in essence charging him with unreasonable delay in securing the trial transcript.[5] Menefee failed to respond to the motion to dismiss at the trial level. And on appeal, Menefee has proffered no justification or excuse for his delay in securing the transcript. Under the circumstances, we find no reversible error in the trial court's grant of the state's motion to dismiss without conducting a hearing thereon.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JANUARY 21, 2005.

*Vernon H. Smith*, for appellant.
*Gerald N. Blaney, Jr.*, Solicitor-General, *Gary S. Vey*, Assistant Solicitor-General, for appellee.

---

[2] *Gantt v. Sweatman*, 162 Ga. App. 738 (293 SE2d 359) (1982).
[3] See *Miller v. Parks*, 124 Ga. App. 4, 5 (1) (183 SE2d 88) (1971); see also *Myers v. Myers*, 195 Ga. App. 529 (1) (394 SE2d 374) (1990) (physical precedent only); cf. OCGA § 5-6-48 (c).
[4] See OCGA § 5-5-40.
[5] Compare *Keegan*, supra.
[1] OCGA § 16-8-41 (a).
[2] OCGA § 16-5-21 (a) (2).
[3] OCGA § 16-5-40 (a).
[4] OCGA § 16-11-106 (b) (1).
[5] OCGA § 16-7-1 (a).
[6] OCGA § 16-5-40 (b).