# Court of Appeals
# of the State of Georgia

ATLANTA,  April 12, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0507. EARWOOD v. THE STATE.**

Patrick Earwood appeals from an order of the Superior Court of Floyd County which denied his timely-filed motion for a new trial as "time barred," summarily concluding that he had "abandoned" his motion by failing to obtain post-conviction counsel within the time prescribed by the court. Because the trial court erred in denying the motion on this basis, we vacate the order and remand to the trial court for further proceedings consistent with this order.

Georgia law permits a criminal defendant to take an appeal of right from a final judgment of conviction and sentence, see *Keller v. State*, 275 Ga. 680, 680 (571 SE2d 806) (2002), but even an appeal of right must be taken in a manner consistent with the laws of appellate procedure, and if it is not, the right of appeal may be forfeited. See *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640) (1976). The timely filing of a motion for a new trial tolls the time for filing a notice of appeal.[1] However, a timely-filed motion for a new trial may be dismissed (as opposed to denied) on the grounds of abandonment if the circumstances show an unreasonable delay caused by

---

[1] OCGA § 5-6-38 (a) provides, in relevant part: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." See also *Bagley v. Robertson,* 265 Ga. 144, 146 (454 SE2d 478) (1995) (appellee's motion for new trial extended the time for filing a notice of appeal).

the defendant. See *Menefee v. State*, 271 Ga. App. 364, 364 (609 SE2d 714) (2005) (The court held that no hearing on the motion for a new trial was required before dismissal was granted on grounds of abandonment where such abandonment was unreasonable, pursuant to OCGA § 5-5-40 (c). Specifically, the defendant failed to proffer a justification or excuse for his delay in securing a transcript necessary for the hearing.)

In this case, the record shows that Earwood complied with the rules of appellate procedure and preserved his right to an appeal by timely filing a motion for a new trial. The court entered its judgment of conviction on June 9, 2014. Earwood filed his motion for a new trial on June 17, 2014. The record also shows that the trial transcript was timely filed with the Clerk of Court on July 7, 2014. On November 18, 2014, the court continued the hearing on Earwood's motion for a new trial so that Earwood could retain counsel. In this order, the court also asserted "that the time for filing an appeal in the above styled case is hereby extended sixty (60) additional days to January 21, 2015." Thereafter, the court rescheduled the hearing several times.[2] Earwood's motion was finally heard on August 17, 2017, three years after the entry of the judgment of conviction.

During the August 17 hearing, after Earwood's attorney had argued the merits of his motion for a new trial, the prosecutor posited that, because "nothing" had been filed with the court since Earwood's new attorney had entered his notice of appearance, the delay between the judgment of conviction and the hearing was "too much time"; consequently, "[Earwood's] remedy in this particular event would be a habeas and not an appeal." The court responded "So, nothing was filed after my deadline of January 21, 2015 . . . I knew that I had signed lots of things trying to give

[2] Although Earwood applied for a public defender, it is unclear from the record whether one was appointed. The record shows that the trial court did not enter an order rescheduling the hearing on Earwood's motion until September 9, 2016, and then the court rescheduled the hearing twice thereafter. Earwood's attorney entered an appearance on February 21, 2017, less than a month before the hearing scheduled for March 13, 2017. After Earwood's attorney sought a leave of absence on family medical grounds, the court set the hearing for August 7, 2017.

him the opportunity to file an appeal, over and over and over. And I felt bad for him. But time flies . . . That's going to be my order. . . . His remedy is habeas." The court made absolutely no inquiry into why Earwood was delayed in retaining an attorney to argue his motion for a new trial. Further, since both the motion and the trial transcript had been timely filed, it is unclear what more the trial court expected Earwood to file to preserve his appellate rights. The court's order contains no finding, either implicit or explicit, that any delay in scheduling the hearing was unreasonable or attributable to the defendant's conduct. Rather, it affirmatively appears that Earwood had made repeated but ultimately unsuccessful efforts to obtain representation from the public defender.

Firstly, the court's rationale for denying Earwood's motion for a new trial as "time-barred" is clearly erroneous. By statute, the timely filing of a motion for a new trial tolls the time for filing a notice of appeal.[3] The court could not override that statute and nullify Earwood's timely-filed motion by stating in its order continuing the hearing on Earwood's motion for new trial that "the time for filing an appeal" would be "January 21, 2015." Additionally, although OCGA § 5-5-40 (a) provides that motions for new trial must be *filed* within a specific period of time,[4] it does not provide a similar limitation concerning when *hearings* must be conducted. Indeed, OCGA § 5-5-40 (e) provides that "[t]he motion may be heard at any time; but, where it is not heard at the time specified in the order, it shall stand for hearing at such time as the court by order at any time may prescribe, unless sooner disposed of." And, in this case, the court set the hearing for August 7, 2017. Thus, there is no basis for concluding that a hearing on Earwood's motion was "time barred."

Secondly, the court did not inquire into whether Earwood had abandoned his motion for a new trial by acting *unreasonably* to delay a hearing on the motion. See

---

[3] See footnote 1, supra.

[4] OCGA § 5-5-40 (a) provides that "[a]ll motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury."

*Menefee v. State*, 271 Ga. App. at 364. As we have explained, "[t]he right to file a motion for new trial necessarily includes the requirement that it be reasonably heard." *Spradlin v. State*, 262 Ga. App. 897, 903 (3) (587 SE2d 155) (2003). Moreover, trial courts bear a significant responsibility for seeing that motions for new trial are timely heard. *Threatt v. State*, 282 Ga. App. 884, 888 (640 SE2d 316) (2006) ("The judicial branch, prosecutors, and the criminal defense bar all have a duty to meet their respective responsibilities in ensuring that criminal cases are promptly resolved.") (citation omitted). It does not appear from the record before us that the trial court met that responsibility. Finally, nothing in the record supports a finding that Earwood abandoned his motion for a new trial or waived the right to a judgment on the merits.

For these reasons, the court's order must be vacated and this case remanded. The trial court is instructed to revisit Earwood's motion for a new trial; to conduct additional hearings, if necessary; and to determine whether the motion should be granted or denied on the merits.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __04/12/2018__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*