A95A2846. PAYNE v. THE STATE.
(465 SE2d 724)

BLACKBURN, Judge.

Landon Lodell Payne appeals the trial court's determination that he made a knowing and intelligent waiver of his right to a trial by jury.

This is the second appearance of this case before this Court. In *Payne v. State*, 217 Ga. App. 386 (460 SE2d 297) (1995), the facts of the matter were outlined as follows: "At arraignment Payne pleaded not guilty to charges of driving under the influence of alcohol, no proof of insurance, no driver's license, improper turn, no tag, giving a false name to a police officer and violation of the Clayton County open container ordinance. He requested that counsel be appointed to represent him. The trial court, noting that there was no likelihood of incarceration, declined to appoint counsel, informing Payne that he could retain his own attorney or represent himself. Payne appeared pro se at the subsequent bench trial and was convicted on all charges, although the no proof of insurance conviction was later set aside. He was sentenced to probation and fined. The court agreed to appoint counsel to pursue an appeal and a motion for new trial was filed, asserting, inter alia, that Payne had not expressly and intelligently waived his right to trial by jury. The trial court conducted a hearing and denied the motion for new trial noting in its order that Payne had not been denied his right to counsel, and noting generally: " 'The defendant had been advised at arraignment of the maximum penalties for each offense and his constitutional and statutory rights.' " Id. at 386-387. After failing to find specific evidence in the record, this Court vacated Payne's convictions and remanded the matter to the trial court for an evidentiary hearing as to whether Payne knowingly and intelligently waived his constitutional right to a jury. An evidentiary hearing was conducted and the trial court determined that Payne's waiver was knowing and intelligent. This appeal followed.

At the evidentiary hearing that occurred upon remand, it was evidenced that Payne's right to a jury trial was explained to him at his arraignment and that he signed his accusation which expressly waived his right to a trial by jury. The evidence also reflects that Payne never expressed his desire for a jury until after his conviction. While Payne does not dispute that he was informed of his right to a jury trial, he merely states that he did not understand the right as it was explained

440

to him. "The question of whether . . . a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous." (Citations and punctuation omitted.) *Reynolds v. State,* 217 Ga. App. 570 (458 SE2d 855) (1995). In light of Payne's testimony that he had received his high school diploma and attended two years of college, we do not find the trial court's determination that Payne was aware of and understood his right to a jury trial at the time of his waiver to be clearly erroneous.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 11, 1995.

*Sharon D. Bundrage,* for appellant.
*Keith C. Martin, Solicitor,* for appellee.