## A99A1105. GARY v. THE STATE.
(526 SE2d 148)

PHIPPS, Judge.

Vincent Gary was charged by accusation with reckless conduct and simple battery. The court convicted Gary of the former offense at an unreported bench trial where Gary was represented by retained counsel. Through a new attorney, Gary filed a motion for new trial grounded largely on claims of ineffective assistance of counsel. Following the denial of the motion, Gary appeals.

---

[11] *CRS Sirrine v. Dravo Corp.*, 213 Ga. App. 710, 714 (1) (445 SE2d 782) (1994).
[12] Id. at 715.

1. First, Gary claims his trial counsel was ineffective in failing to request that the bench trial be reported and transcribed for appellate purposes. This issue has not been preserved for appellate review as it was not raised before the trial court. " '[E]numerations of error which raise questions for the first time on appeal present nothing for decision.' [Cit.]"[1]

2. Gary challenges the validity of his waiver of the constitutional right to a jury trial based on assertions that his trial counsel did not advise him of this right or consult with him before deciding to proceed with a bench trial.

The record belies these assertions. At the hearing on the motion for new trial, Gary testified that he met with defense counsel prior to trial, that counsel explained to him "everything about what a bench trial is and what a jury trial is," and that he agreed to let counsel decide whether to try the case before a judge or jury. In Gary's own words, "I left that in [counsel's] hands. . . ." Counsel testified that he determined that a bench trial would be preferable because he previously had met with success in bench trials, he felt comfortable with the judge who had been selected to try this case, and "the judge would be insulated . . . from a lot of the things I knew the victim would do [and had done] at the preliminary hearing." In a not-guilty plea signed by Gary, he attested that he had voluntarily, knowingly, and intelligently waived his right to trial by jury and was requesting a bench trial.

> " 'A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing [that] the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.' " [Cit.][2]

Here, the State has filled an incomplete record with extrinsic evidence adequate to show that its burden was met.[3]

3. Gary claims that counsel was ineffective in not informing him

---

[1] *Wiggins v. State*, 208 Ga. App. 757, 759 (3) (432 SE2d 113) (1993).

[2] *Jones v. State*, 212 Ga. App. 676, 679 (2) (442 SE2d 908) (1994).

[3] See *Payne v. State*, 219 Ga. App. 439 (465 SE2d 724) (1995); *Evans v. State*, 216 Ga. App. 21, 24 (3) (453 SE2d 100) (1995); compare *McCormick v. State*, 222 Ga. App. 753, 754 (1) (476 SE2d 271) (1996).

of plea discussions with the prosecuting attorney.

Counsel testified that he did not inform Gary of plea discussions with the prosecutor because he was unable to negotiate a plea that did not include a sentence of imprisonment, and Gary had said he would not plead guilty under any circumstances, especially if it required him to spend time in jail. Counsel additionally testified that he informed Gary that if he were found guilty at trial, he would probably be sentenced to a term of confinement. Under the circumstances, the court was authorized to find that counsel's decision to proceed to trial without informing Gary of the plea discussions "was not the result of any ineffective assistance on the part of [Gary's] trial counsel."[4]

4. We are unable to review Gary's final enumeration, because it is based on the evidence. The trial was not reported, nor was a transcript prepared from recollection pursuant to OCGA § 5-6-41 (g).[5]

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED NOVEMBER 23, 1999.

*Dwight L. Thomas, Caprice J. Small*, for appellant.
*Carmen Smith, Solicitor, Cynthia Strong-McCarthy, Jody L. Peskin, Assistant Solicitors*, for appellee.

---

[4] *Louis v. State*, 202 Ga. App. 681, 682 (3) (415 SE2d 289) (1992); see also *Larochelle v. State*, 231 Ga. App. 736, 738 (4) (499 SE2d 371) (1998).
[5] *Sizemore v. State*, 195 Ga. App. 548 (395 SE2d 669) (1990).