### A01A2341. JACKSON v. THE STATE.
(560 SE2d 62)

MIKELL, Judge.

Following a bench trial, Christopher Jackson was convicted of misdemeanor battery, OCGA § 16-5-23.1, and false imprisonment, OCGA § 16-5-41, for acts directed at his girlfriend. The trial court without a hearing denied Jackson's motion for a new trial, and this appeal followed. In the sole error raised on appeal, Jackson contends that the court erred in conducting a bench trial without first determining whether he had knowingly, voluntarily, intelligently, and personally waived his right to a jury trial. Because the record does not adequately demonstrate whether Jackson made such a waiver, we vacate the judgment and remand for an evidentiary hearing on this issue.

The record shows that on the morning of trial, Jackson's counsel announced in open court that the defense intended to "proceed with a non-negotiated plea as to Mr. Jackson." After being sworn as a witness, Jackson testified that he was not under the influence of drugs, alcohol, or any other medication; that he was aware of the maximum and minimum penalties for battery and false imprisonment; that he had sufficient time to consult with his attorney; and that he was satisfied with his attorney's services. The prosecutor then informed Jackson of the rights he would waive by pleading guilty, including the right to a jury trial, the right to confront witnesses against him, the right to produce evidence and witnesses in his favor, and the right to choose whether to testify at trial. At this point in the proceeding, Jackson and his counsel conferred for a moment. Defense counsel announced that Jackson had changed his mind and wished to go forward with a trial. The following exchange then took place between defense counsel and the trial court:

> THE COURT: All right. Is he asking for a jury trial or a bench trial?
> (The defendant and his counsel confer.)
> MR. WALLACK: We wish to go ahead with a bench trial, Your Honor.
> THE COURT: All right.

After hearing the evidence, the court convicted Jackson of both offenses and sentenced him to four years to serve for the false impris-

onment charge and twelve months to serve for the battery charge.

The law is clear that "[a]lthough a jury trial may constitutionally be waived, the defendant must personally and intelligently participate in the waiver. [Cit.] However, defendant's consent need not be in a particular, ritualistic form. . . . [T]he only real issue is whether appellant intelligently agreed to a trial without jury." (Punctuation omitted.) *Safford v. State*, 240 Ga. App. 80, 82 (2) (522 SE2d 565) (1999). See also *Pirkle v. State*, 221 Ga. App. 657 (472 SE2d 478) (1996).

Jackson argues that the court failed to determine whether he had knowingly and intelligently waived his right to a jury trial.

> When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.

(Citation and punctuation omitted.) *Payne v. State*, 217 Ga. App. 386, 387 (460 SE2d 297) (1995). See also *Gary v. State*, 241 Ga. App. 76, 77 (2) (526 SE2d 148) (1999), citing *Jones v. State*, 212 Ga. App. 676, 679 (2) (442 SE2d 908) (1994). In this case, the state contends that the record demonstrates Jackson's knowledge of the right being waived. We disagree.

The transcript shows that Jackson and his attorney conferred after being asked whether they wished to proceed with a bench or jury trial. But the record is silent on the content of that conversation. Unlike in *Gary*, supra, where the defendant and his counsel testified in detail about their discussions of whether to proceed with a bench trial, here, the record does not reveal what was discussed. It is likely that they discussed the matter, but we cannot presume compliance with constitutional requirements from a silent record. Thus, we have no way of knowing whether counsel explained Jackson's right to a jury trial to him and no way of knowing whether Jackson personally participated in the decision to choose a bench trial.

The record's silence prevents the state from meeting its burden of demonstrating a knowing and voluntary waiver. In *McCormick v. State*, 222 Ga. App. 753, 756 (1) (476 SE2d 271) (1996), we held that the state had not met its burden when trial counsel could not recall discussing "the fact that appellant had a *right* to be tried by a *jury*, and that appellant knowingly and voluntarily waived that right." (Emphasis in original.) In that case, defense counsel testified that he remembered discussing the difference between a jury trial and a

bench trial and that he recommended that his client elect to proceed with a bench trial; however, we concluded that such evidence was not sufficient to establish a knowing and voluntary waiver of the defendant's right to a trial by jury. Id. Here, we have far less evidence of the conversations between Jackson and his counsel because the court did not conduct a hearing on the motion for new trial.

Moreover, the record is inadequate to demonstrate that the decision to waive a jury trial was actually made by the defendant. Since 1930, federal cases have required a showing that the defendant "personally and intelligently participate[d] in the waiver." (Punctuation omitted.) *Pirkle*, supra at 657, citing *Patton v. United States*, 281 U. S. 276, 312 (50 SC 253, 74 LE 854) (1930). Further, it is clear under Georgia law that mere "participation" is not enough; rather, the state must show that the defendant made a "conscious choice to waive his right to a jury trial." *Jones*, supra at 679 (2). See also *Eason v. State*, 249 Ga. App. 738 (549 SE2d 532) (2001). In the case at bar, for example, it could be argued that Jackson participated in the decision to waive a jury trial because he was present when the decision was made and conferred with his counsel prior to counsel's announcement that "*we* wish to go ahead with a bench trial." (Emphasis supplied.) But we have held that similar records were inadequate. *Whitaker v. State*, 244 Ga. App. 241, 244 (4) (535 SE2d 283) (2000); *Capelli v. State*, 203 Ga. App. 79-80 (2) (416 SE2d 136) (1992). Essentially, the record must affirmatively show that the defendant made the decision to waive his right to a jury trial, or at least that he or she agreed with the decision.

Chief Judge Quillian explained in *Wooten v. State*, 162 Ga. App. 719, 720 (293 SE2d 11) (1982), that "it would be preferable to have defendant's personal participation spread on the record in open court." In a more recent decision, we recognized that

> before accepting a waiver, it would be preferable for the trial judge to question the defendant on the record to ensure that the defendant personally has made a voluntary, knowing, and intelligent waiver of his or her right to a jury trial. A few questions directed to the defendant by the trial judge would protect the right and help to avoid subsequent claims that the right was not personally, voluntarily, knowingly, and intelligently waived.

*Whitaker*, supra. A foolproof guide to the correct procedure for eliciting a valid waiver is found in the Georgia Superior Courts Criminal Benchbook, §§ 11.21 and 11.22. Trial judges may be reticent to address defendants directly, particularly those represented by counsel, to determine if they personally elected to waive the right to a jury

trial. However, it is difficult to imagine a valid reason not to follow the course of action suggested by Chief Judge Quillian in *Wooten*, supra. Upon being questioned by the court regarding the waiver, if a defendant exercises his right to remain silent, or if counsel objects to his client's being addressed directly by the court, the trial judge can impanel a jury and proceed to trial.

Accordingly, because the record in this case does not adequately demonstrate whether Jackson made a knowing and intelligent waiver of his right to a jury trial, the conviction is hereby vacated, and the case is remanded to the trial court for an evidentiary hearing on this issue. *Lawal v. State*, 201 Ga. App. 797, 798 (2) (412 SE2d 864) (1991). In the event the trial court determines from the evidence adduced at this hearing that Jackson did make such a waiver and that he personally participated in the decision, then the conviction and sentence may be reinstated, and Jackson will be entitled to file a new appeal directed to this issue. Id. See also *Payne*, supra at 388.

*Judgment vacated and case remanded with direction. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 1, 2002.

*James S. Lewis*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Marc A. Mallon*, Assistant *District Attorney*, for appellee.

