### A08A1450. JONES v. THE STATE.
(670 SE2d 104)

JOHNSON, Presiding Judge.

Following a bench trial, Rebecca Ruth Jones was convicted of two counts of keeping a vicious animal in violation of a Cobb County ordinance. Jones claims that the state failed to show that she knowingly and intelligently waived her constitutional right to a jury trial. We agree and reverse.

The record shows that Jones was indicted after her dogs bit and injured her neighbor while the neighbor was on Jones' property. Jones requested a jury trial, and her case was transferred from magistrate court to the State Court of Cobb County. On July 14, 2006, Jones waived formal arraignment, and she again requested a jury trial. However, when Jones' case was called for trial on May 24, 2007, her attorney filed a pleading requesting a nonjury trial. On May 30 and 31, 2007, Jones' case was tried without a jury.

1. Jones contends that the state failed to meet its burden of proving that she validly waived her right to a jury trial. We agree.

"A defendant's right to trial by jury is one of those fundamental constitutional rights that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive."[1] This court will affirm a trial court's decision that a defendant has validly waived her right to a jury trial unless that decision is clearly erroneous.[2]

When a defendant challenges her purported waiver of the right to a jury trial,

---

[1] (Footnote omitted.) *Watson v. State*, 274 Ga. 689, 691 (2) (558 SE2d 704) (2002).

[2] *Whitaker v. State*, 286 Ga. App. 143, 146 (2) (648 SE2d 396) (2007).

the [s]tate bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.[3]

Such extrinsic evidence may include "testimony by defense counsel in the motion for new trial hearing about his specific recollections, routine, or standard practices; an affidavit from trial counsel about his specific recollections; and evidence regarding the defendant's intelligence and cognitive ability."[4] Here, however, the state has failed to bring forward any such testimony, affidavits, or evidence. Nor does the record here include a colloquy between the trial court and Jones regarding her right to a jury trial or any writing signed personally by Jones showing that she had waived her right.[5]

Instead, the state points to the trial court's finding that Jones was present at a pre-trial hearing at which time "it was clear that the case was being set for a Bench Trial" and Jones' presence during trial when the court announced "this case is moving forward today as a bench trial, a non-jury trial that's come off of the jury trial calendar." However, an in-court announcement of a nonjury trial, and the failure of a defendant to object to such an announcement, is insufficient to establish a knowing and intelligent waiver of the right to a jury trial.[6]

While the state also claims that we can "infer by the timing of the filing of the request for a non-jury trial that [Jones] and her counsel had discussed [her right to a jury trial,]" no such inference is supported by the record, nor would such "discussions" be sufficient to establish that Jones made a knowing and intelligent waiver.[7] Because the state failed to prove that Jones knowingly and intelligently waived her constitutional right to a jury trial, we must reverse her convictions and remand this case for a new trial.

2. In light of our holding in Division 1, we need not address Jones' remaining enumerations of error.[8]

*Judgment reversed and case remanded. Barnes, C. J., and Phipps, J., concur.*

---

[3] (Citations omitted.) *Jackson v. State*, 253 Ga. App. 559, 560 (560 SE2d 62) (2002).

[4] (Footnotes omitted.) *Allison v. State*, 288 Ga. App. 482, 486 (2) (654 SE2d 628) (2007).

[5] See *Balbosa v. State*, 275 Ga. 574, 575 (1) (571 SE2d 368) (2002).

[6] Id.

[7] *Jackson*, supra at 561 (mere participation in discussions with counsel is not enough to establish valid waiver; "rather, the state must show that the defendant made a conscious choice to waive his right to a jury trial") (citations and punctuation omitted).

[8] *Allison*, supra at 490 (3).

DECIDED OCTOBER 21, 2008.

*H. Maddox Kilgore*, for appellant.
*Barry E. Morgan, Solicitor-General, Jaret L. Teague, Assistant Solicitor-General*, for appellee.