## A10A0692. JONES v. THE STATE.
(690 SE2d 460)

BLACKBURN, Presiding Judge.

Following a bench trial, Wesley Jones appeals his conviction of armed robbery[1] of a restaurant and of possession of a firearm during the commission of a crime,[2] challenging the sufficiency of the evidence and arguing that the State failed to show he waived his right to a jury trial knowingly and intelligently. We hold that some evidence corroborated the testimony of Jones's accomplice as to Jones's participation in the crimes, and that this and other testimony showed that together the two men took the restaurant's money from the immediate presence of a restaurant employee at gunpoint. We further hold that the court's colloquy with Jones gave the court sufficient basis to find that Jones knowingly and intelligently waived his right to a jury trial. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[4]

---

[8] *Gearin v. State of Ga.*, 218 Ga. App. 390, 391 (1) (461 SE2d 562) (1995).

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-11-106 (b) (1).

[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on December 6, 2004, Jones phoned a friend to have the friend pick Jones up so that the two could commit a robbery. Procuring the services of a woman to drive him, the friend picked Jones up after 6:00 p.m. from Jones's girlfriend's residence, and the two men in the female driver's presence discussed committing a robbery before she dropped them off at Jones's residence around 6:45 p.m. While walking around the area, the two finally decided to target a nearby restaurant and to use a gun Jones was carrying.

Around 9:15 p.m., Jones entered the restaurant with his face obscured and pointed the handgun at the restaurant employees, who were sitting at a table eating some 20 to 30 feet from the entrance. The friend then entered, and Jones commanded the employees to remain still, giving the friend the opportunity to empty the cash register near the entrance of $200. After the men escaped, they went to the friend's cousin's residence that was located nearby and split up the money. The restaurant employee in charge of the register called police, who were able to find the friend's fingerprint on the cash register.

Police soon arrested the friend, who eventually identified Jones as the gunman and who confirmed the details of the robbery. Both men were indicted for armed robbery and possession of a firearm during the commission of a crime, and the friend pled guilty. At Jones's bench trial, the friend testified, identifying Jones as the gunman. The court found Jones guilty on both charges, and Jones moved for new trial, which the court denied.

In his appeal, Jones first challenges the sufficiency of the evidence, claiming that no evidence corroborated the friend's identification of him as the second man in the robbery, and that no evidence showed the money was taken from the immediate presence of the restaurant employee, who sat some 20 to 30 feet away from the register. We hold that both arguments lack merit.

(a) *The accomplice's testimony was corroborated.* It is true that in felony cases, an accomplice's testimony that the defendant was a participant in the crime must be corroborated. See OCGA § 24-4-8; *Gaudin v. State*[5] ("in so far as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime") (emphasis in original). See also *Milton v. State*[6] ("[t]he law is settled in Georgia that the corroborating facts or circumstances must connect the defendant to [the] crime or lead to the inference that he

---

[5] *Gaudin v. State*, 133 Ga. App. 252, 255 (3) (211 SE2d 189) (1974).
[6] *Milton v. State*, 248 Ga. 192, 196 (2) (282 SE2d 90) (1981).

is guilty, and that such corroboration must be *independent* of the accomplice's testimony") (punctuation omitted; emphasis in original). However, "[s]light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." (Punctuation omitted.) *Castell v. State*.[7] In this regard, "evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime." (Punctuation omitted.) *Harrison v. State*.[8]

Here, the female driver corroborated that she picked Jones up and dropped him and the accomplice off at Jones's residence near the restaurant about two-and-one-half hours before the robbery. She overheard Jones speaking to the accomplice about committing a robbery. Two more witnesses confirmed that the two men were together that evening, including the accomplice's cousin who testified that the two men came to her residence (which was near the restaurant) soon after the robbery. Even Jones himself took the stand and confirmed that the two men were together for a period of time that evening. Sufficient evidence corroborated the accomplice's testimony that Jones participated in the robbery that evening. See *Harrison*, supra, 259 Ga. at 486-488 (1).

(b) *The money was taken from the "immediate presence" of the restaurant employee.* OCGA § 16-8-41 (a) provides: "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." Jones contends that because the restaurant employee was sitting some 20 to 30 feet away from the cash register, the cash was not taken from his "immediate presence." We disagree.

"It has long been recognized that when perpetrators forcibly cause the victim to be away from the immediate presence of the property at the time it is stolen, the offense of armed robbery can still be committed." (Punctuation omitted.) *Wilson v. State*[9] (perpetrators tied victim up while they robbed his house). Indeed, "[o]ne's 'immediate presence' in this context stretches fairly far, and robbery convictions are usually upheld even out of the physical presence of the victim if what was taken was under his control or his responsibility and if he was not too far distant." *Welch v. State*.[10] See *Battle v. State*.[11]

---

[7] *Castell v. State*, 250 Ga. 776, 780 (1) (c) (301 SE2d 234) (1983).

[8] *Harrison v. State*, 259 Ga. 486, 488 (1) (384 SE2d 643) (1989).

[9] *Wilson v. State*, 291 Ga. App. 69, 70-71 (1) (a) (661 SE2d 221) (2008).

[10] *Welch v. State*, 235 Ga. 243, 245 (1) (219 SE2d 151) (1975).

[11] *Battle v. State*, 155 Ga. App. 541, 542 (2) (271 SE2d 679) (1980).

Here, the restaurant employee was kept from the cash register by Jones, who at gunpoint commanded the employee and others not to move from the table at which they were eating. This evidence sufficed to show that the money was taken from the immediate presence of the restaurant employee. See *Clements v. State*[12] ("where the [victim] was within fifteen steps of the property stolen, and was kept away by threats and intimidation by one of the defendants, while the other stole the [property], the taking was in the presence of the [victim]"). See also *Jennings v. State*.[13]

2. Conceding that he voluntarily waived his right to a jury trial, Jones argues that the State failed to carry its burden of showing that he knowingly and intelligently waived that right. We disagree.

> [A] criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.

(Punctuation omitted.) *Young v. State*.[14] See *Jackson v. State*.[15] "We will affirm a trial court's determination that a defendant validly waived the right to a jury trial unless that determination is clearly erroneous." *Edwards v. State*.[16]

Evidence supported the trial court's express finding (in its order denying the motion for new trial) that Jones knowingly and intelligently waived his right to a jury trial. When Jones's counsel announced that he had talked to Jones "extensively" about a jury trial versus a bench trial, and that from day one, Jones had expressed his desire for a bench trial, the judge spoke to Jones directly and informed him that he had the right to a jury trial, that twelve persons would sit in judgment in a jury trial, and that the prosecutor would bear the burden of convincing each one of the twelve persons of Jones's guilt beyond a reasonable doubt. The judge explained the voir dire process and made clear that by waiving the right to a jury

---

[12] *Clements v. State*, 84 Ga. 660, 665 (11 SE 505) (1890).

[13] *Jennings v. State*, 292 Ga. App. 149, 152 (1) (a) (664 SE2d 248) (2008).

[14] *Young v. State*, 273 Ga. App. 151, 153 (2) (614 SE2d 257) (2005).

[15] *Jackson v. State*, 253 Ga. App. 559, 560 (560 SE2d 62) (2002).

[16] *Edwards v. State*, 285 Ga. App. 227, 229 (2) (645 SE2d 699) (2007).

trial, Jones would be forfeiting the voir dire process and his right to have the 12 persons chosen through that process decide his guilt or innocence, and that the judge instead would be making that determination. Jones confirmed his understanding of such and stated he would rather have a bench trial. At the motion-for-new-trial hearing, Jones's trial attorney confirmed that in pretrial discussions, he had explained to Jones "extensively" the differences between a jury trial and a bench trial, going over the whole process, and that Jones understood such and wanted a bench trial. Under these circumstances, the record shows that Jones knowingly and intelligently waived his right to a jury trial. See *Ray v. State*.[17] See also *Edwards*, supra, 285 Ga. App. at 229-230 (2); *Young*, supra, 273 Ga. App. at 153-155 (2).

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED JANUARY 27, 2010.

*William J. Mason*, for appellant.

*Julia F. Slater, District Attorney, Robert B. Bickerstaff II, Assistant District Attorney*, for appellee.

---

[17] *Ray v. State*, 292 Ga. App. 575, 577 (2) (665 SE2d 345) (2008).