A10A0676. GUISE v. THE STATE.
(694 SE2d 378)

MIKELL, Judge.

After a bench trial, Henry Guise was convicted of simple battery as a lesser included offense of family violence battery. On appeal,

---

[13] Id.

[15] See *M. H.*, supra at 665.

Guise argues that the trial court erred by denying him a trial by jury and challenges the sufficiency of the evidence. Although the evidence was sufficient to support Guise's conviction, we reverse because the record does not show that Guise waived his right to a jury trial.

1. Construing the evidence in favor of the verdict,[1] the record shows that Officer Larry Arnold of the Clayton County Police Department went to 315 Kendrick Estates Drive in Jonesboro on June 22, 2008, to investigate an altercation that had occurred between Guise and his daughter, Aisha Jones, and her husband, Hameed Jones.[2] According to Arnold, he saw a videotape of the actual altercation at the scene, which showed that Guise was the primary aggressor in the fight with Hameed Jones.

Simple battery occurs when a person intentionally makes physical contact of an insulting or provoking nature with the person of another.[3] As the testimony of a single witness is generally sufficient to establish a fact,[4] we find that the evidence was sufficient to support Guise's conviction for simple battery.[5] Despite the sufficiency of the evidence, however, we must reverse Guise's conviction for reasons explained in Division 2.

2. It appears from the record that on or about February 9, 2009, Guise was shown two forms, one of which pertained to his right to counsel and the other, to his right to trial by jury. Guise signed the first form, indicating his intent to hire an attorney, but he did not sign the form that waived his right to a jury trial. Guise retained counsel, who filed a demand for discovery and for a trial by jury on March 10, 2009. The bench trial proceeded on July 16, 2009. At no point in the trial transcript is there any discussion about Guise's waiver of the right to a jury trial.

"Because the right to a jury trial is a fundamental constitutional right, the burden is on the [s]tate to show that [the defendant] made a knowing, intelligent and voluntary waiver of that right."[6] In the instant case, the state argues that when defense counsel proceeded to a nonjury trial without objection in Guise's presence, the demand for

---

[1] *Goforth v. State*, 271 Ga. 700, 702 (3) (523 SE2d 868) (1999).

[2] In Count 1 of the accusation filed against Guise, he was charged with family violence battery in connection with causing visible bodily harm to Aisha Jones, but he was acquitted of that charge. Count 2 charged Guise with committing simple battery/family violence battery by intentionally making physical contact of an insulting and provoking nature with Hameed Jones.

[3] See OCGA § 16-5-23 (a) (1).

[4] See OCGA § 24-4-8.

[5] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] (Citation omitted.) *Balbosa v. State*, 275 Ga. 574, 575 (1) (571 SE2d 368) (2002). See also *Jones v. State*, 294 Ga. App. 169, 169-170 (1) (670 SE2d 104) (2008).

a jury was effectively withdrawn. However,

> [s]uch a waiver cannot suffice because, when counsel waives a jury trial in the presence of the defendant, the most that can be said is that the defendant voluntarily waived a jury. It remains to be seen whether that waiver was knowing and intelligent. To ensure that [Guise] waived his right to a jury trial voluntarily, knowingly and intelligently, the trial court should have conducted a colloquy with [Guise] himself.[7]

Because no such colloquy was conducted, we must reverse Guise's conviction and remand this case for a new trial.[8]

*Judgment reversed and case remanded. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 16, 2010.

*Michael B. King*, for appellant.

*Tasha M. Mosley, Solicitor-General, Keith E. Gammage, Assistant Solicitor-General*, for appellee.

---

[7] (Citations omitted.) *Balbosa*, supra. See also *Brown v. State*, 277 Ga. 573, 574 (2) (592 SE2d 666) (2004). Compare *Jacobs v. State*, 299 Ga. App. 368, 371 (1) (683 SE2d 64) (2009) (waiver valid where trial court asked sufficient questions in open court to determine whether defendant's waiver was knowing, voluntary, and intelligent).

[8] See *Jones*, supra.