**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 21, 2013**

# In the Court of Appeals of Georgia

A12A2287. SEITMAN v. THE STATE.

BOGGS, Judge.

Following a bench trial, Vickie Seitman was convicted of eight counts of serious injury by vehicle and one count of reckless driving.[1] Her amended motion for new trial was denied, and she appeals, asserting as her sole enumeration of error that she did not voluntarily, knowingly, and intelligently waive her right to a jury trial. Based on the record and the evidence presented below, however, the trial court's finding that there was sufficient evidence of a waiver was not clearly erroneous. We therefore affirm.

---

[1] The trial court also found Seitman guilty on one count of DUI, but merged this count with counts 1-8.

A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing that the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.

(Citations and punctuation omitted.) *Whitaker v. State*, 256 Ga. App. 436, 439 (2) (568 SE2d 594) (2002). And "[t]he question of whether a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous." (Citations and punctuation omitted.) Id.

The record contains a pleading, signed by both Seitman and her trial counsel, stating: "WAIVER OF JURY TRIAL. COMES NOW, the Defendant in the above styled case and files this her waiver of jury trial. Respectfully submitted on May 4, 2011." In addition, the trial court asked trial counsel before trial began if Seitman had waived a trial by jury, and he replied, "Yes, Your Honor, we filed that."

As Seitman correctly observes, a waiver by counsel, standing alone, cannot suffice for the State to meet its burden. *Balbosa v. State*, 275 Ga. 574, 575 (1) (571

SE2d 368) (2002) (record showed only oral waiver by counsel in appellant's presence); *Jones v. State*, 294 Ga. App. 169, 169-170 (1) (670 SE2d 104) (2008) (written waiver filed by attorney requesting nonjury trial insufficient in absence of any extrinsic evidence). "Essentially, the record must affirmatively show that the Defendant made the decision to waive his right to a jury trial, or at least that he or she agreed with the decision." *Jackson v. State*, 253 Ga. App. 559, 561 (560 SE2d 62) (2002). Here, as required by our Supreme Court, the State presented additional extrinsic evidence from which the trial court could conclude that Seitman's waiver was knowing and intelligent.

At the hearing on the motion for new trial, trial counsel testified to his discussions with Seitman about her options, and the strategic reasons for waiving a jury trial:

Q: At some point did you decide that it would be in her best interest to have a bench trial?

A: Yes.

Q: Did you discuss that with her?

A: Yes.

Q: What was the extent of your conversation . . . regarding this issue?

A: I don't think we talked about it one time. We talked about it several times. A jury trial was something that we felt if we went to a jury trial we knew some of these issues we were not going to be able to win but some we hoped that we would.

If we went to a jury trial and we lost, the likelihood, normally, is that if you take three or four days to try a jury trial and you lose, then the likelihood of getting a greater sentence is much greater, so we really didn't have many options. It was either enter a plea, do a nonjury trial, or do a jury trial, and we discussed those three options.

Vickie didn't want to enter a plea. She didn't feel as though jail was something that she wanted to enter a plea to. And so, the only option, really, that we had left was a nonjury trial. We had hoped that we might be able to win some of the counts.

Defense counsel testified that he has over forty years of experience as a trial attorney and has tried over 100 cases to a verdict. He testified that he explained to Seitman that she had a right to a jury trial and that he believed a judge would be more receptive than a jury to the technical legal defense that they had discussed. This testimony supported the trial court's conclusion that the waiver was knowing, voluntary, and intelligent. See *Jacobs v. State*, 299 Ga. App. 368, 371 (1) (683 SE2d

4

64) (2009) (counsel testified to discussions with appellant concerning relative risks and benefits of bench and jury trial).

In addition, Seitman is well-educated and holds a college degree. See *Payne v. State*, 219 Ga. App. 439, 440 (465 SE2d 724) (1995) (trial court's determination that defendant understood right to jury trial not clearly erroneous in light of defendant's high school diploma and two years of college). Seitman also testified that she had been summoned to jury service, had been through the voir dire process, and had actually served on a jury. And she acknowledged that her signature was on the waiver of jury trial in the record. This testimony and the record, considered as a whole, support the conclusion that Seitman was informed about the advantages and disadvantages of having a jury trial and made an independent decision to move forward with a bench trial. *Whitaker v. State*, 286 Ga. App. 143, 146-147 (2) (648 SE2d 396) (2007).

We find no merit in Seitman's contention that to knowingly and intelligently waive a jury trial, she must be informed *by the trial court* of all the complexities of the jury process. The cases Seitman relies upon are not dispositive, particularly in light of our standard of review. In *Balbosa*, supra, the State's only evidence of waiver was an oral waiver by counsel in appellant's presence. 275 Ga. at 575 (1). In *Guise*

*v. State*, 303 Ga. App. 791 (694 SE2d 378) (2010), the defendant was given a form regarding his right to counsel and another regarding his right to trial by jury; he signed the first but not the second. Moreover, his trial counsel filed a demand for jury trial a month after the unsigned form was presented to the defendant. Id. at 792 (2). The trial court found that, under those circumstances, the mere fact that the defendant acquiesced in the bench trial was insufficient and "the trial court should have conducted a colloquy with" the defendant. Id. at 793 (2).

Seitman also relies upon *Jackson*, supra, 253 Ga. App. at 560, and *Jones v. State*, 302 Ga. App. 147 (690 SE2d 460) (2010), to contend that the trial court is required to question all defendants. But in *Jones*, we affirmed when one of the numerous facts showing a knowing and intelligent waiver was a trial court colloquy with appellant. Id. at 150-151 (2). And in *Jackson*, supra, the record showed only an oral waiver by counsel with no additional supporting facts, and we held that "[t]he record's silence prevents the [S]tate from meeting its burden of demonstrating a knowing and voluntary waiver." 253 Ga. App. at 560.

> Although Georgia appellate courts have often noted that it would be preferable to have defendant's personal participation spread on the record in open court, to forestall subsequent claims of lack of participation or an intelligent or knowing waiver, nonetheless, there is

6

no legal precedent requiring an in court waiver of the right of a jury trial.

(Citations, punctuation, and footnotes omitted.) *Davis v. State*, 287 Ga. App. 783, 785 (2) (653 SE2d 107) (2007). While a colloquy with the trial court may establish a knowing and voluntary waiver, it is not required when the State presents other extrinsic evidence sufficient to establish a waiver. Id. at 786 (2).

Based upon the totality of the circumstances presented here, the trial court's conclusion that Seitman made a personal, knowing, and intelligent waiver of her right to a trial by jury was not clearly erroneous. We therefore affirm.

*Judgment affirmed. Doyle, P. J. and Andrews, P. J., concur.*