**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 14, 2018**

# In the Court of Appeals of Georgia

A18A0631. PRICE v. THE STATE.

PHIPPS, Senior Appellate Court Judge.

On appeal from his conviction after a bench trial for child molestation, Larry Price argues that he did not voluntarily waive his right to a jury trial and that trial counsel was ineffective. Because the trial court never considered whether Price's waiver of his jury right was knowing and voluntary, we vacate Price's conviction and remand for further proceedings limited to that issue.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the [judgment], with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the

prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (emphasis omitted).

Thus viewed in favor of the judgment, the record shows that in February 2016, Price was charged with one count of child molestation and one count of sexual battery against the child victim between December 2013 and December 2015. On February 22, 2016, trial counsel appeared on Price's behalf and entered a plea of not guilty. A year later, on February 28, 2017, Price filed a written motion for sentencing under the rule of lenity, noting in the motion that he had pled not guilty, that he had waived formal arraignment, and that he had "agreed for the matter to be tried by the court without a jury trial." The motion also noted that after a continuance requested by the State, the case was awaiting bench trial in March 2017.

On May 22, 2017, the trial court filed a notice that a bench trial would be held on July 31, 2017. On that day, Price, his trial counsel, and the prosecutor filed a plea noting that Price "hereby waives formal arraignment, copy of indictment, list of witnesses, jury trial, and pleads [n]ot guilty to Count One" of the indictment and "[g]uilty to Count Two" – in other words, not guilty to the child molestation count, and guilty to the sexual battery count. At the outset of the bench trial that followed,

2

counsel recited the contents of this form and stated on the record that Price was waiving the procedural protections it enumerated. Shortly afterward, the trial court read into the record the parties' stipulation that "the facts alleged in Count Two of the indictment are true" in that Price "admits to making inappropriate contact with the intimate parts" of the victim "without her consent on multiple occasions" in 2014 and 2015 "by touching her vagina, breasts, and inner thighs with his hands."

After the bench trial, at which Price argued that he had not possessed the requisite intent to commit the crime of child molestation, the trial court found that the State had proved such intent such that Price was guilty of both sexual battery of a child, to which he had previously pled guilty, and child molestation. The court then heard argument as to the rule of lenity, merger, and sentencing. On August 2, 2017, the trial court filed its judgment, in which it merged the sexual battery count into the child molestation count and sentenced Price to 15 years with eight to serve. On August 24, 2017, appellate counsel filed a motion to withdraw Price's guilty plea, but counsel withdrew the motion shortly afterward because the motion had been filed outside the term of court in which the judgment had been entered.[1] On August 31, 2017, appellate counsel filed a timely notice of appeal from the trial court's judgment.

---

[1] See *McKiernan v. State*, 286 Ga. 756, 757 (692 SE2d 340) (2010).

1. Although Price does not assert that the evidence was insufficient to support the judgment rendered after the bench trial, we have reviewed the record, including Price's stipulation, and conclude that the evidence was sufficient to sustain his conviction for child molestation. See OCGA § 16-6-4 (a) (1) (defining child molestation as committing "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person"); *Jackson*, supra.

2. Price first asserts that the State has not shown that he made a knowing and voluntary waiver of his right to a jury trial. We agree.

> A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing that the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.

*Seitman v. State*, 320 Ga. App. 646, 646 (740 SE2d 368) (2013).

> Although Georgia appellate courts have often noted that it would be preferable to have defendant's personal participation spread on the record in open court, to forestall subsequent claims of lack of

4

participation or an intelligent or knowing waiver, nonetheless, there is no legal precedent requiring an in-court waiver of the right of a jury trial.

*Davis v. State*, 287 Ga. App. 783, 785 (2) (653 SE2d 107) (2007) (citations, punctuation, and footnotes omitted). "While a colloquy with the trial court may establish a knowing and voluntary waiver, it is not required when the State presents other extrinsic evidence sufficient to establish a waiver." *Sherman*, 320 Ga. App. at 649.

> Such extrinsic evidence may include testimony by defense counsel in [an evidentiary] hearing about his specific recollections, routine, or standard practices; an affidavit from trial counsel about his specific recollections; and evidence regarding the defendant's intelligence and cognitive ability.

*Jones v. State*, 294 Ga. App. 169, 170 (670 SE2d 104) (2008) (footnote and punctuation omitted). "The question of whether a defendant is capable or incapable of making a knowing and intelligent waiver of his rights *is to be answered by the trial judge* and will be accepted by this court unless such determination is clearly erroneous." *Seitman*, 320 Ga. App. at 646 (emphasis supplied; citations and punctuation omitted).

5

This record shows that in February 2017, Price's trial counsel filed a motion representing that Price had waived his constitutional right to a jury trial. On May 22, 2017, counsel again represented, in Price's presence, and both in writing and on the record, that Price had waived the right, with Price himself signing the writing and raising no objection to counsel's representation on his behalf. At no point, however, did Price or his counsel make any representation as to whether these waivers were knowing and voluntary, and the trial court never made any factual determination on the issue. Thus we cannot say that this record "affirmatively shows that [Price] made the decision to waive his right to a jury trial, or at least that [he] agreed with [that] decision." *Jackson v. State*, 253 Ga. App. 559, 561 (560 SE2d 62) (2002) (vacating conviction and remanding for further proceedings when the record showed only that a defendant and counsel conferred off the record before announcing a waiver of the jury-trial right); see also *Jones*, 294 Ga. App. at 170 (1) (in-court announcement of a nonjury trial, and the failure of a defendant to object to such an announcement, was "insufficient to establish a knowing and intelligent waiver of the right to a jury trial"). Compare *Seitman*, 320 Ga. App. at 648-649 (a totality of circumstances, including counsel's post-conviction testimony as to his conversations with a defendant, showed

6

that the trial court's conclusion that the defendant "made a personal, knowing, and intelligent waiver of her right to a trial by jury was not clearly erroneous").

Because "the record in this case does not adequately demonstrate" whether Price made a knowing and intelligent waiver of his right to a jury trial, his conviction "is hereby vacated, and the case is remanded to the trial court for an evidentiary hearing on this issue." *Jackson*, 253 Ga. App. at 561 (citation omitted). If the trial court determines from the evidence adduced at the hearing that Price "personally participated in the decision" to waive a jury trial, then his "conviction and sentence may be reinstated," and Price will be entitled to file a new appeal as to this issue. Id. If the trial court finds insufficient evidence that Price made a knowing and voluntary waiver, then the court must reverse Price's conviction and conduct a new trial. See *Jones*, 294 Ga. App. at 170 (1).

3. Although Price asserts that trial counsel was ineffective in a number of ways, the record shows that after appellate counsel had appeared in the case, and before the deadline for filing a motion for new trial,[2] appellate counsel filed a notice of appeal in which he asserted that he would raise the issue of effectiveness on appeal.

---

[2] See OCGA § 5-5-40 (a) (motions for new trial, "except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury.").

Appellate counsel never filed a motion for new trial, however, which was required in order to obtain an evidentiary hearing on the matter.

"It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment." *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994) (citation and punctuation omitted). This rule "requires that [the] claim be raised before appeal if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time." *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996) (emphasis and footnote omitted).

When appellate counsel, having made an appearance in the case before the deadline for filing either a motion for new trial or a notice of appeal, failed to raise the matter of trial counsel's ineffectiveness in the trial court, appellate counsel failed to do so "at the earliest practicable moment" such that consideration of that matter is barred on appeal. *Glover*, 266 Ga. at 184 (2); see also *Owens v. State*, 263 Ga. 99, 101 (3) (428 SE2d 793) (1993) (appellate counsel who represented defendant at hearing

on motion for new trial and failed to raise issue of trial counsel's ineffectiveness at that hearing could not do so on appeal).

*Judgment vacated and case remanded with direction. Ellington, P. J., and Bethel, J., concur*.