**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 29, 2022**

# In the Court of Appeals of Georgia

A22A1248. O'BRIEN v. THE STATE.

LAND, Judge.

After a bench trial, the State Court of Fayette County found Ashley O'Brien guilty of driving under the influence ("DUI") (less safe-alcohol), improper turn at an intersection, obstruction of an officer, and disregarding a traffic control device. O'Brien appeals, arguing that she did not knowingly and voluntarily waive her right to a jury trial. Because we cannot tell from the record before us whether O'Brien properly waived her right to a jury trial, we deem the record to be incomplete on this critical issue and therefore vacate O'Brien's convictions and remand for further proceedings.

"On appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict." (Footnote omitted.) *Stephens v. State*, 247 Ga. App. 719,

719 (545 SE2d 325) (2001). We neither weigh the evidence nor judge witness credibility, but only determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2D 560) (1979).

So viewed, the record shows that in the early morning hours of November 4, 2018, O'Brien's vehicle was stopped at a red light in the right lane of an intersection in Fayette County. When the light turned green, a police officer observed that O'Brien's vehicle did not move for more than 13 seconds, after which O'Brien turned left from the right lane in violation of the official traffic control arrows directing drivers in O'Brien's lane to proceed straight. The officer made a traffic stop, noted that O'Brien's speech was slurred, and smelled alcohol in the vehicle. O'Brien admitted to consuming alcohol. The officer asked O'Brien to exit the vehicle more than six times; she refused. O'Brien eventually exited her vehicle and agreed to participate in a field sobriety evaluation, which was recorded. After O'Brien completed the evaluation, the officer determined that O'Brien was under the influence of alcohol to the extent that she was a less safe driver and placed her under arrest for a DUI. The officer read O'Brien the implied consent warning and asked O'Brien to

2

take a blood test; O'Brien refused. O'Brien was arrested and issued citations for DUI, improper turn, disregarding a traffic control device, and violation of a city ordinance for interfering with police.

In 2020, O'Brien was charged by accusation with DUI (less safe-alcohol), improper turn at an intersection, obstruction of an officer, and disregarding a traffic control device. In March 2020, O'Brien, who was represented by counsel, pleaded not guilty and waived formal arraignment but "waiv[ed] no other statutory or constitutional rights." In July 2021, however, the trial court entered an order of continuance stating that "[O'Brien] having requested a bench trial rather than a jury trial, and will be filing a waiver of jury trial, IT IS HEREBY ORDERED that this matter shall be continued to the . . . Bench Trial Calendar[.]" The record contains no other reference to O'Brien's purported waiver of a jury trial. In September 2021, a bench trial was held. O'Brien was convicted on all counts, sentenced to probation, and fined $1,504.75. O'Brien did not file a motion for new trial, and this appeal followed.

In her sole enumeration of error, O'Brien contends that she did not knowingly, intelligently, and voluntarily waive her right to a jury trial. The constitutional right

3

to a jury trial is so fundamentally important that this issue may be raised for the first time on appeal. *Wooten v. State*, 162 Ga. App. 719, 720 (293 SE2d 11) (1982).

"A defendant's right to trial by a jury is a fundamental constitutional right that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive." *Budeanu v. State*, 325 Ga. App. 177, 178 (1) (751 SE2d 924) (2013). "This court will affirm a trial court's decision that a defendant has validly waived her right to a jury trial unless that decision is clearly erroneous." *Jones v. State*, 294 Ga. App. 169, 169 (1) (670 SE2d 104) (2008).

"A defendant's consent to a trial without a jury need not be in any particular, ritualistic form; the trial court need only conduct an inquiry of the accused on the record so as to ensure that the waiver is knowing, voluntary and intelligent." *Budeanu*, 325 Ga. App. at 178 (1). When a defendant challenges her purported waiver of the right to a jury trial,

> the State bears the burden of showing that the waiver was made both knowingly and intelligently, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.

4

(Citation and punctuation omitted.) Id. "This may be done by use of testimony from, or an affidavit of, trial counsel about his specific recollections; routine or standard practices; and evidence regarding the defendant's intelligence and cognitive ability." Id. at 179 (1). However, "[a]n in-court announcement of a nonjury trial, and the failure of a defendant to object to such an announcement, is insufficient to establish a knowing and intelligent waiver of the right to a jury trial." *Jones,* 294 Ga. App. at 170 (1). Further, "a waiver by counsel, standing alone, cannot suffice for the State to meet its burden." *Seitman v. State*, 320 Ga. App. 646, 647 (740 SE2d 368) (2013).

The trial court's order of continuance, which states only that O'Brien "requested" a bench trial, gives some indication of waiver, but is insufficient to show a knowing, intelligent, and voluntary waiver. See *Overcash v. State*, 322 Ga. App. 372, 372 (745 SE2d 286) (2013) (check mark on arraignment form requesting a nonjury trial insufficient to show knowing, intelligent, and voluntary waiver of jury trial). Compare *Jackson v. State*, 257 Ga. App. 715, 717 (4) (572 SE2d 60) (2002) (defendant's signature on waiver of jury trial form supported trial court's finding that defendant knowingly waived his right to a jury trial).

Here, there is no written waiver of O'Brien's right to a jury trial in the record, nor is there any indication that the trial court inquired regarding O'Brien's waiver of

5

a jury trial at the time of the bench trial. Further, "because [O'Brien] failed to raise this issue in the trial court, the State has not had an opportunity to fill the incomplete record with extrinsic evidence sufficient to meet its burden." *Whitaker v. State*, 244 Ga. App. 241, 244 (4) (535 SE2d 283) (2000).

Because the record contains some evidence of a waiver but does not reflect whether O'Brien personally, knowingly, voluntarily, and intelligently participated in it, we vacate the convictions and remand to the trial court for a hearing on this issue.[1] See *Whitaker*, 244 Ga. App. at 244 (4). See also *Jenkins v. State*, 259 Ga. App. 47, 51 (2) (b) (576 SE2d 300) (2002).

*Judgment vacated and case remanded with direction. McFadden, P. J., and Gobeil, J., concur.*

---

[1] Although O'Brien does not argue that the evidence to find her guilty of the charges in the accusation was legally insufficient, "if the evidence meets the standard of *Jackson v. Virginia*, the case may be retried." (Citation and punctuation omitted.) *Budeanu*, 325 Ga. App. at 180. Here, we conclude that the evidence was sufficient, and the case may therefore be retried.